(158 App. Div. 552.)

EARLE v. EARLE.

(Supreme Court, Appellate Division, Second Department. October 24, 1913.)

1. DIVORCE (§ 309*)—DECREE—CUSTODY OF CHILD—AMENDMENT.

   Where a divorce decree awarded an infant child to the mother, the successful party, and provided for its maintenance by her, the decree will not be modified so as to compel the father to maintain the child, in absence of a showing that the mother is unable to do so.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 803; Dec. Dig. § 309.*]

2. DIVORCE (§ 306*)—MAINTENANCE OF CHILD—CONTROLLING CONSIDERATION.

   The principal consideration in requiring one or the other of the parents to maintain an infant child upon granting a divorce is the suitable maintenance of the child according to its station in life.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 798; Dec. Dig. § 306.*]

3. DIVORCE (§ 306*)—MAINTENANCE OF CHILD—GROUNDS OF AWARD.

   While both parents are charged with the maintenance of their infant child, the father primarily has that duty, since he is usually more able to do so.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 798; Dec. Dig. § 306.*]

4. DIVORCE (§ 306*)—MAINTENANCE OF CHILD.

   The father may be required to maintain his infant child upon granting a divorce to the mother, though its custody be not committed to a suitable third person as desired by the father.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 798; Dec. Dig. § 306.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5.** DIVORCE (§ 308*)—MAINTENANCE OF CHILD—CUSTODY.

If a divorced husband is required to maintain his infant child while it is in the custody of some one else, the decree should make provision to insure that the money furnished by him should be applied exclusively to the infant's use, so that it cannot be misapplied by some one else.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 801, 802; Dec. Dig. § 308.*]

Appeal from Special Term, Westchester County.

Action by Helen Hicks Earle against Charles Earle. From an order denying plaintiff's motion to amend a judgment of divorce, she appeals. Reversed, and application remitted to the Special Term.

See, also, 141 App. Div. 611, 126 N. Y. Supp. 317.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Frank Trenholm, of New York City, for appellant.

Carlisle Norwood, of New York City, for respondent.

JENKS, P. J. The plaintiff appeals from an order of the Special Term that denies her application to amend her judgment for absolute divorce by insertion of a provision requiring the defendant to maintain the infant child now in the custody of the plaintiff pursuant to that decree.

In 1903, the defendant obtained a decree of separation for abandonment. By that decree the sole maintenance, care, custody, and control of the child Charles was awarded to this defendant, of the infant child Caroline was awarded to this plaintiff. In 1912, this plaintiff obtained a decree of absolute divorce, which did not make provision for alimony but contained a provision similar to that in the said separation decree as to the said children. It appears that the defendant asserted that the adultery charged was committed with the connivance and by the procurement of the plaintiff, and that the defendant determined not to plead his defense provided the plaintiff made no claim for alimony. Prior to the trial a stipulation was entered into between the parties that the plaintiff waived and agreed to waive any rights to counsel fee or alimony, "her financial standing being such that she requires no support for herself or daughter." The action was not defended.

[1] The sole question is that of the proper maintenance of the said infant Caroline. When in such an action the decree awards the custody of an infant to the mother as the successful plaintiff, the courts in other jurisdictions are not in accord upon the question whether the father may be compelled to respond for necessaries furnished thereafter for maintenance of the infant. The argument on the one hand is that the father should not be compelled to support the child, because he had no right to take the child and support it himself or to employ any one to support it without the mother's consent. The argument on the other hand is that the duty of support is not to be evaded by the misconduct of the father which resulted in his loss of custody. See Bishop on Marriage, Divorce & Separation, vol. 2, § 1223, and cases cited. But the decree in this case is not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

silent, for it contains a provision for the "maintenance" of this infant child by the mother, as well as for her "care, custody, and control" of it.   Irrespective of any bargain between the parties, I assume that the court was moved for good reasons to make such an affirmative provision.   And I cannot assume that the custody of this infant was thus awarded for the reason that the mother stood ready to maintain it, because such an award was made to the innocent party, as was natural.

[2] The paramount consideration is the suitable maintenance of the child in accord with its station in life.

[3] Both parents are charged with such maintenance; primarily that duty is cast upon the father, as he generally has "more ample means."   Furman v. Van Sise, 56 N. Y. 435, 15 Am. Rep. 441.   But as this decree has cast maintenance upon the mother, I see no present reason to disturb its provisions unless the mother is now unable to afford proper maintenance.   She represents her present inability so to do.   The defendant admits his present ability, but denies the plaintiff's inability.   I think that, with an eye single to the good of the child, the learned Special Term should have informed itself as to the ability of the plaintiff, for, if her inability exists, its refusal to charge the defendant with the duty worked injury to the infant.

[4] The defendant asserts his willingness to support the child, provided its care and custody be committed to a specified third person who apparently would be a proper custodian if neither the mother nor the father should be considered.   But the duty of maintenance may be required of the defendant irrespective of any such condition. If the plaintiff be an improper person as custodian in view of her morals, or if the present surroundings of this child are adverse to its decent tutelage, there is a remedy, for, as I have said, the chief consideration is the welfare of the infant.

[5] If the defendant be charged with maintenance, then, so long as the infant is in any other custody than that of the defendant, there should be made such restrictions as insure that all moneys furnished by the defendant should be applied exclusively to the infant, and not misapplied by any person directly or indirectly for any other purpose.

The order must be reversed, without costs, and the application is remitted to the Special Term.   All concur.