(164 App. Div. 713)

### EARLE v. EARLE.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

1. DIVORCE (§ 303*)—DECREE—CUSTODY OF CHILDREN—MODIFICATION.

Where a divorce decree awarded an infant child to the mother and confirmed her voluntary agreement to maintain it, she could not be relieved of her obligation, except on evidence of present inability to support the child.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 793–795; Dec. Dig. § 303.*]

2. DIVORCE (§ 303*)—DECREE—CUSTODY OF CHILDREN—MODIFICATION.

The question of the ability of a mother, to whom her infant child was awarded by a divorce decree confirming her obligation to maintain the child, in determining the question of modification of the decree, so as to relieve her of her obligation, cannot be determined by comparison of her income with her expenditures, or the present state of her finances due to her expenditures, but by comparison with her income with expenditures necessary and proper under the circumstances.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 793–795; Dec. Dig. § 303.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Divorce (§ 303*)—Decree—Custody of Children—Modification.

Where a divorced wife, who had been remarried, sought to be relieved of the obligation to maintain an infant child, awarded to her by the divorce decree confirming her voluntary agreement to maintain the child, on the ground of her inability to maintain the child, a full inquiry into the financial ability of the second husband to support the wife must be allowed, because germane to the question of her ability to apply her separate income to the maintenance of the child.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 793–795; Dec. Dig. § 303.*]

Appeal from Special Term, Kings County.

Action by Helen Hicks Earle (now Bertie) against Charles Earle. From a judgment, as amended by an order, for plaintiff, defendant appeals. Conditionally affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Carlisle Norwood, of New York City, for appellant.

Frank Trenholm, of New York City, for respondent.

JENKS, P. J. [1] In view of our former judgment (158 App. Div. 552, 143 N. Y. Supp. 841), the plaintiff should not be relieved of her obligation, voluntarily assumed and confirmed by the decree of the court, unless she presented evidence of her present inability. The testimony taken before the referee does not establish to our satisfaction that the financial circumstances of the plaintiff have changed so materially since the decree as to justify the relief afforded to her. It is but natural, in a desire to prevail and to cast a burden upon the defendant, that the plaintiff would make the worst of every circumstance.

[2] The question of her ability is not to be determined by comparison of her income with her expenditures, or the present state of her finances due to such expenditures, but by comparison of her income with what expenditures are necessary and proper under her circumstances. Her income is practically assured, and upon the death of her aged mother she is certain to receive a material increase thereof. It is quite true that her income has been increased by a regular allowance from her mother, which is a bounty; but it is hardly credible that such allowance would be withdrawn arbitrarily, and there is no suggestion why it need be. I can credit that plaintiff's mother would prefer to have the defendant support the child; but that is no reason why a woman 82 years old, in receipt of a stated income, should arbitrarily henceforth withhold an allowance heretofore regularly made to her own daughter. When the plaintiff assumed this maintenance of her child, she was unmarried and dependent upon her income. Since that time she has remarried. As the husband is obligated to support the wife, and as in this case no reason appears why this husband cannot, naturally this plaintiff, in so far as she is relieved from resort to her own income for her own support, would have more of that income to maintain this child. If, contrary to the normal, this wife supports the husband, and thus has an additional burden, then certain-

ly, in the absence of all proof of his inability to support his wife, there is no reason why the wife should be relieved from such maintenance of her child even to a degree.

[3] The second husband was called as a witness, and although he did testify to his contribution to the household expenses, the learned referee did not permit full inquiry into his financial ability to support his wife. It seems to us that such inquiry was germane to the question of the ability of the plaintiff to apply her separate income to the maintenance of the child. It is a pity that the keep of this young girl should be the subject of such bitter and protracted litigation. Her welfare is the paramount consideration of the courts, and should be that of both of her parents, even though no longer man and wife. If the needs of this young girl, fast growing into womanhood, were no greater than those of the young child at the time of the decree, then I should hesitate to give the advice that follows. But in consideration of the natural increase of her expenses and the undoubted financial ability of the defendant, I advise that the judgment be modified, so as to require the defendant to pay $325 a year, instead of $750, for maintenance, provided the child remain in the household of her mother; but, provided the child consent to be placed in a proper boarding school, I think that the decree should be affirmed, so that the defendant should pay $750 per annum towards her maintenance therein. If the plaintiff does not consent to this modification, then I advise that the order be reversed, without costs, and a new hearing be granted. If the parties cannot agree upon the boarding school, the Special Term is empowered to designate one. Settle the order before the Presiding Justice. All concur.