MARGARET S. PRINDLE, Petitioner, v. GEORGE D. DEARBORN, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, November 19, 1936.

96

*Field & Field* [*Reginald Field* of counsel], for the petitioner.

*Battle, Levy, Van Tine & Fowler* [*George Gordon Battle* and *John N. Regan* of counsel], for the respondent.

PANKEN, J. By stipulation between counsel for the parties to this proceeding, the court is to pass upon what would be a fair amount to be awarded to the mother for the maintenance of the respondent's two children.

A stipulation entered into between counsel in a proceeding of the character before me is binding upon the parties.

Chief Judge CRANE, in *Matter of Kane* v. *Necci* (269 N. Y. 13), said: " Another law, however, has been passed by the Legislature, chapter 482 of the Laws of 1933, creating in the city of New York the Court of Domestic Relations, proceedings in which are treated as of a civil rather than of a criminal nature. It is comprised of two divisions, to be known as the ' Children's Court ' and the ' Family Court,' respectively."

The proceeding herein is in the Family Court Division of the Domestic Relations Court of the City of New York. Except when the Legislature confers criminal jurisdiction in specific instances for definite purposes, the Domestic Relations Court of the City of New York must be regarded as a court in which " proceedings are to be treated as of a civil rather than of a criminal nature." Stipulations entered into between counsel in open court and in the presence of the parties in this proceeding are, therefore, binding upon the parties concerned.

To determine the extent of the order to be made by this court for the support and maintenance of the two children, their needs must be considered as well as the ability of the respondent to provide for such needs.

Section 890 of Bishop on Marriage, Divorce and Separation states: " The husband's faculties are his capabilities of maintaining a family, ordinarily consisting of his income from whatever source derived. But if he refuses to acquire income, the sum which he might obtain by due exertion is also to be estimated as faculties."

The respondent in this case has a speech impediment. That, however, does not preclude the possibility of his engaging in some remunerative occupation. The court will advert to this later on.

The testimony in the proceeding disclosed that the respondent had an income of $12,000 annually on a trust fund established for him by his mother. Without contradiction, testimony was submitted which disclosed that in addition to his income on the trust fund, he also received from his mother a monthly stipend of $1,000. In all, his income prior to the divorce which dissolved the marriage between the petitioner and the respondent was $24,000 annually.

Under an agreement between the father and mother of the two children herein involved, which agreement was made part of the decree of divorce entered in a court of competent jurisdiction in the State of Nevada, the children were to be in the custody of the father, the respondent. For a considerable period of time the provisions of the agreement were carried out.

From the time the respondent and the petitioner were married and until the divorce, they lived with the mother of the respondent who evidently is a woman of considerable means. The testimony bears that out. Is the court warranted in including the voluntary allowance made by the mother of the respondent to him as part of his income for the purpose of fixing the allowance to be made to the petitioner? Under subdivision 3 of section 101 of the Domestic Relations Court Act, where the father of a child is dead, or where the court, in its judgment, is unable to secure adequate support for such child from its parents and the child's grandparents are of sufficient means to support it, the grandparents are by the statute declared to be chargeable for the support of such grandchild. Section 101, subdivision 3, reads: " Where the father of a child included in a petition for support is dead, or where the court, in its judgment, is unable to secure adequate support for such child from its parents, and the child's grandparents are of sufficient means to support it, said grandparents are hereby declared to be chargeable with the support of such grandchild and may be required

to pay a fair and reasonable sum according to their means, as may be determined by the court."

If the respondent were financially unable to support or to provide for his children because of industrial incapacity, or because of lack of means, the court, in its discretion, might charge as a matter of law, the grandmother, the mother of the respondent, with the support and maintenance of the two children. I am not passing upon what the moral obligation might be.

The grandmother is not a party to this proceeding. The court, therefore, cannot consider any testimony bearing upon the means of the grandmother, or her ability to provide for her grandchildren, and the extent to which she would be required to support her grandchildren were she before the court.

In the course of the trial of this proceeding the respondent said that his mother was Scotch. She was rather munificent and generous in her allowance to him. What was intended to be conveyed to the court was that Mrs. Dearborn is a woman of positive character; and that the withdrawal of her allowance to her grandchildren was indeed meant, were a change in the custody of the children effected by an award on arbitration, as in fact it was, by the award handed down by Judge SEABURY.

The income which is to be the basis upon which an allowance is to be made to these two children by the respondent, no matter whence it comes, can be properly considered by the court. The difficulty is that an order made upon an allowance that might be made to the respondent by the grandmother is of too speculative a character. That allowance may be made, continued, and it may be withdrawn.

I assume that the petitioner, who is possessed of intelligence, would budget the allowance on its basis. If the allowance would have to be reduced, the mode of living of the children would have to be changed. That would be highly undesirable.

The income on the trust fund, hereinbefore referred to, has been reduced to approximately $5,800 per annum. Counsel for the petitioner, in calculating the income, shows an average income of $6,756.02 per annum.

There was testimony in the case that the respondent has a " man of business." It may be assumed that he compensates his " man of business " for whatever services he renders. It is not clear that the amount, testified to by the respondent as that which is received by him, was exclusive of any sums if any are paid by way of compensation to his " man of business." That compensation, if any, may be disregarded.

The speech handicap from which the respondent suffers is not of a major nature. He speaks with some difficulty, yet with sufficient flow not to incapacitate him from pursuing some calling.

The law is that a person chargeable with the duty to support and provide for dependents, must make effort to earn funds so to do. That obligation is one that finds its roots in natural law. It is confirmed by statute law and approved by the courts as well as public morals. One may not relieve himself of the obligation so sacred as that which requires provision for one's own offsprings by the excuse that he does not work and makes no effort to do anything. The least that a person, chargeable with the duties above mentioned, must do, is to make effort to find a gainful occupation. Failing to make effort to so do, does not discharge from obligation.

The law does not require one to do what is impossible of accomplishment. It does require one to make effort to comply with an obligation which the law as the expression of social need and human relationship requires. The relationship between parent and child is most sacred, and in the discharge of the obligations resulting therefrom, the parent, as long as the child is an infant, must exert himself on behalf of it just as the child reaching the adult state must exert itself on behalf of a dependent and indigent parent.

The respondent has not earned anything by his own exertion and he now does not.

Children are, as a matter of law, entitled to be maintained in a condition in which their parents are able to maintain them. The basis upon which this petition rests is not that there is likelihood that these children are to be public charges. The obligation on the respondent is there, regardless as to whether or not the children are or are likely to become public charges. A parent who has means should not be permitted to limit provisions for his children to a supply of bare necessities — enough to keep them alive.

The respondent and his second wife and their child are residing with his mother. While so residing in New York city, no contribution is made by them for their maintenance. A part of the respondent's income is used for the maintenance of himself, his second wife and their child only during the summer period when they are living at his mother's camp in the State of Maine.

The income on the trust fund is approximately $6,000 per annum, the trust fund having earned $5,800 in 1935.

The two children in the custody of the petitioner require and should have for their maintenance and support, in accordance with the means of the respondent, each the sum of ninety-five dollars per month, to be paid in two equal installments on the twentieth

and fifth of each month. First payment to be made on the 20th of November, 1936. Orders are to be made separately in each proceeding.

Should there be a change of circumstances, application may be made to the court for a modification of the order.

In the trial of the cause the court suggested that the parties might agree as to the visitation by the respondent of his children. If that be done, it may be submitted to me in the form of an order on consent and such order will be made. If, however, no agreement can be reached by the parties, as to the right of visitation by the respondent and the extent thereof, the court will set a date for a hearing on application of either party.