HELENE KRIEGER, Plaintiff, *v.* LOUIS KRIEGER, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
May 12, 1937.

*Bushel & Gottlieb,* for the plaintiff.

*Louis M. Weber,* for the defendant.

LEWIS (DAVID C.), J. The plaintiff seeks to recover certain sums of money expended for medical and dental services rendered to herself (the wife of the defendant) and her infant child (the son of the defendant). The defendant sets up a separation agreement duly executed between the plaintiff and defendant (after they had parted), in which there is an agreement for the payment of thirty-five dollars for the support and maintenance of the said wife and the said infant child. This contract contains the usual blanket clauses stipulating that said sum shall be in full satisfaction and discharge of any and all obligations on the part of the husband and includes the usual indemnity and exemption covenant characteristic of these compacts. There are other provisions in the separation agreement bearing on the question before the court.

The defendant moves to dismiss the complaint as a matter of law, contending that the separation agreement is the full measure of the responsibility of the husband for any and all obligations to his wife or infant child, and since he has met them he cannot be held for the expenses constituting the subject of this action.

The responsibility of a husband for the necessaries furnished to his wife rests upon the relationship of husband and wife. While that relationship continues, the responsibility continues, and when that relationship ends, the responsibility ends. The husband may fulfill that responsibility by a proper and sufficient allowance to his wife. And while they cohabit this may be a matter of informal understanding; when they separate, it usually becomes the subject of a formal agreement.

It is to be observed that if the plaintiff and defendant had continued to live together and he had suitably provided for her maintenance, the plaintiff could not arbitrarily further obligate her husband. By separation she could gain no greater rights than she enjoyed during cohabitation.

In the present case after the parties had separated they executed a formal separation agreement. Such a contract is valid; and since the law sanctions it, the court must respect it. However, such respect is based upon the assumption that the agreement is free from attack and there has been no change warranting readjustment.

" When a separation agreement is made between a husband and wife who have actually become separated, such an agreement is at

best only tentative and does not become absolutely binding. The husband is not relieved thereby of his duty of support if he had failed in the agreement to make ample provision, or if his subsequent affluence makes the provision insufficient. (*Tirrell* v. *Tirrell*, 232 N. Y. 224; *Harding* v. *Harding*, 203 App. Div. 721; affd., 236 N. Y. 514.) " (*Brooklyn Trust Co.* v. *Lester*, 239 App. Div. 422, at p. 428.)

The terms of a judicial decree could be amended to cover unforeseen contingencies or a substantial change in conditions. Are we to accord to a private contract greater majesty than a judicial decree?

Then again, the interpretation of such an agreement is measured by the understanding of the parties; and unless the language of the contract, by reasonable intendment, covers such contingencies as illness, I doubt whether justice and equity should read them into the contract; particularly where the marital status survives, where the parties have not been divorced but are simply separated and where an infant child has a legitimate claim to sustenance by his father. For it seems to me that though future sickness figures in the existence of all of us, it is seldom reckoned as an item of expense included in a weekly budget or the ordinary allowance granted by a husband to his wife. Such expenses are unwelcome and unusual.

'And that neither party could reasonably be expected to guard against an event which was excluded from the anticipation of both parties." (*Raner* v. *Goldberg*, 244 N. Y. 438, at p. 442.)

However, a provision for maintenance and support apparently has been regarded as including expenses for medical services. (*Finn* v. *Finn*, 222 App. Div. 34.)

But in considering the agreement, we realize that the duty of the father to support his child is distinct from the obligation to maintain his wife, and that the infant child is never a party to a separation agreement or a divorce action. Hence, as far as the child is concerned, his rights have a distinct claim to consideration.

If a third person furnished moneys for necessaries for the child, he could seek reimbursement from his father. Where the mother meets the call out of her personal funds, unless conclusively barred, she has an equal right to reimbursement. Whether she has or has not depends upon the facts as well as the law.

" This action brought by the wife is not brought to recover any money for herself; it is brought to recover money spent upon the maintenance and support and education of the child. It is in reality brought for the benefit of and in behalf of the child. The husband did not divorce his child, or dissolve his liabilities to it. And what are those rights? The child is entitled to the support and maintenance by its father. If the father fails

to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it. Such was our determination in *De Brauwere* v. *De Brauwere* (203 N. Y. 460)." (*Laumeier* v. *Laumeier*, 237 N. Y. 357, at p. 364.)

As far as the claim for reimbursement on account of medical and dental expenses for the infant child, the motion of the defendant to dismiss the cause of action is denied.

The difficulty confronting me is not the question of the plaintiff's right to recover but rather the remedy to be pursued. Unfortunately, under the existing judicial system, there may be a legitimate right to relief, but unless the parties are within a court of competent jurisdiction, their application cannot be considered, and the proceedings must be dismissed, and an entirely new action commenced. Thus the identical controversy once presented in this court of restricted authority is renewed and repeated in a court of supreme jurisdiction. So limited jurisdiction brings prosecution of this claim in this court to a dead-end stop. Though we have merged law and chancery, we still pay homage to separate courts and divided jurisdiction. The litigant may be right in the claim he prosecutes, but wrong in the court in which he prosecutes it. He is ousted; and thus litigation goes round and round.

Such cases sound the call for a change in our system that may abate the loss of time, waste of effort and delayed justice.

It is to be noted that the *factum* of the separation agreement is not attacked, nor is any assault made by the plaintiff upon its sufficiency or its fairness. That is, so far as the pleadings disclose; though the affidavits paint a different picture. If, however, there are grounds for such an attack, then the plaintiff must seek a court of competent power and pursue an appropriate remedy. Until then she must abide by the subsisting valid agreement.

" But this authority to protect the wife in her means of support was not intended to take away from her the right to make such a settlement as she might deem best for her support and maintenance. The law looks favorably upon and encourages settlements made outside of courts between parties to a controversy. If, as in this case, the parties have legal capacity to contract, * * * and the contract without fraud or duress is properly and voluntarily executed, the court will not interfere. To hold otherwise would be not only to establish a rule in violation of well-settled principles, but, in effect, it would enable the court to disregard entirely settlements of this character. For, if the court can decree that the husband must pay more than the parties have agreed upon, it is

difficult to see any reason why it may not adjudge that the sum stipulated is in excess of the wife's requirements and decree that the husband contribute a smaller amount." (*Galusha* v. *Galusha*, 116 N. Y. 635, at p. 646.)

" It is not accurate to say that this court, upon the former appeal, decided that the plaintiff was not entitled to alimony. As the parties had, by an agreement lawful in form and apparently valid, stipulated as to the amount which the husband should pay for the support of the wife, that agreement, it was held, so long as it remained unrevoked, was the proper measure of compensation which the defendant should render for her maintenance after the dissolution of the marriage tie." (*Galusha* v. *Galusha*, 138 N. Y. 272, at p. 283.)

The court, therefore, grants the motion of the defendant in so far as the right of the plaintiff to recover for the expenses incurred on her own behalf; and denies the application in so far as it involves expenses on behalf of the infant. These items are separated by the bill of particulars which the plaintiff has served.