MARY DOOLEY and Others, by CATHERINE DOOLEY, Petitioner, *v.* JOSEPH M. DOOLEY, Respondent.

Domestic Relations Court of City of New York, Family Court, Kings County, May 1, 1940.

*Michael M. Platzman [J. A. Osofsky* of counsel], for the petitioner.

*Milton M. Eisenberg [Ralph Weller* of counsel], for the respondent.

PANKEN, J.   In construing a statute imposing obligations upon a person or persons it is sometimes well to turn to the fundamentals underlying our juridical system.   The processes in the development of law depend on change in social attitudes, as is the law itself. Legal obligations find their roots in and derive sustenance from moral responsibility.   Moral concepts change with changes in social development and consequent attitudes.   The law follows in most instances the accepted moral concepts.  It is not possible to envision law sanctifying the immoral.   It is equally difficult to see moral concepts antagonistic to the law.   The one should and does complement the other.   Law and the obligation it imposes is responsive to the needs of human relationships and the relationship of the individual to the community and that of the community to the individual.

It is impossible to conceive a system of society in which the rights of the individual are guaranteed and that of the community protected without rules of conduct binding upon all of its components.

The rules of conduct for the individual and the group constitute what is law.

Under a civilized social system functioning for millions of people, the power to make the law is delegated to representatives freely chosen. The laws so enacted become the rules of conduct governing the relationship between individuals, and the individual and the community. It is well that it is so.

Courts, as well as the law governing courts, are the creatures of either the Constitution of the State proposed by convention and adopted by the people, or created and enacted by the State Legislature in response to the mandate contained in the Constitution.

The rights of parents, their children, grandparents and their grandchildren are provided for by legislative enactment.

The obligation of a parent to support his children is one grounded in the law of nature, in morals and in statute. It is contemplated that the support of children required to be provided by a parent is to be adequate in accord with the financial ability of the responding parent. The primary obligation to support a child or children rests upon the father. Sociologically that is proper. Usually the father is the breadwinner. To the mother falls the burden of caring for the home and looking after the children. Where both father and mother are gainfully employed and the children are looked after by others, the responsibility for the support of the children should be shared between parents.

Where the father of children is incapable of supporting them or he is dead, the mother is chargeable with their support providing, of course, she has sufficient means to do so or is able to earn the means. (Dom. Rel. Ct. Act, § 101, subd. 2.)

When neither father nor mother is able to support their children because of lack of financial ability, the grandparents are in law required to respond. It is their moral obligation and, at the same time, they are legally required to so do. (Dom. Rel. Ct. Act, § 101, subd. 3.)

Parents are required to provide adequate support for their children. Is a distinction to be made between parents and grandparents? The language of the statute in imposing the obligation for the support of children upon parents and upon grandparents is identical as to the character of support to be provided. In both instances the statute says, " may be required to pay a fair and reasonable sum according to their means, as may be determined by the court."

I had occasion to say in the case of *Prindle* v. *Dearborn* (161 Misc. 95, 99): " Children are, as a matter of law, entitled to be maintained in a condition in which their parents are able to main-

tain them. * * * A parent who has means should not be permitted to limit provisions for his children to a supply of bare necessities — enough to keep them alive." (See, also, *Earle* v. *Earle*, 158 App. Div. 552.)

The testimony in this proceeding discloses that the father of the children, by an order of this court, is required to contribute the sum of twelve dollars weekly for the support of his wife and his three minor children. To the same effect, an order was made in the Supreme Court of the State of New York. Evidently, the Supreme Court, as this court, concluded that twelve dollars weekly is all the father of the children can contribute towards their support.

It is unfortunate that proceedings in this case were brought both in this court and in the Supreme Court of the State of New York. The duplication of the proceeding may have had its origin in the litigiousness of the mother of the children. That litigiousness may account for the refusal on the part of the respondent to contribute towards the support of his grandchildren. The mother of the children, however, was within her rights. The law permitted her to pursue her claims in both tribunals.

I find as a matter of fact that the respondent is financially able to respond in aid of maintenance and support of his three grandchildren. Under subdivision 3 of section 101 of the Domestic Relations Court Act, grandparents may be required to provide for grandchildren.

Is this a case in which the power conferred upon the court to make an order against the respondent is to be exercised? In *Calhoun* v. *Calhoun* (256 App. Div. 672) the court said: " Where the parents of a child are unable to adequately provide for it, a grandparent of sufficient means may be held liable for the support of the grandchild." (Dom. Rel. Ct. Act, § 92, subd. 3; § 101, subd. 3.)

In *Calhoun* v. *Calhoun* (*supra*) the order was reversed as set forth by the court on the ground, as it said: " However, the evidence here failed to show that appellant, the grandmother of the infant, was of sufficient means to support it and that the parents who are primarily liable, were unable to provide the necessary support."

The father of the children in this proceeding has been required to contribute to their support as his financial ability permitted. The allowance granted by this court and concurred in by the Supreme Court is for the three children as well as their mother. Hardly sufficient; surely inadequate.

The order made as against the father of the children is binding upon the court in this proceeding. The order cannot be increased or decreased on this hearing.

It is argued that all grandparents of a group of children are chargeable with their support where the parents are unable to provide for them. That is correct. The amounts to be contributed by the grandparents are to be apportioned among them. That would be fair. However, that can only be done if all the grandparents are before the court. In this proceeding only the paternal grandfather is before the court. There is evidence in the case that there is a maternal grandmother. The uncontradicted testimony is that she is not financially able to respond in any amount in aid of maintenance of her grandchildren. However, I am not passing upon her ability or inability in this proceeding.

The respondent might have asked to implead the maternal grandmother as a party respondent. That has not been done. The petition is addressed only to the paternal grandfather.

The mother of the children, upon her own testimony, had been gainfully employed up to some two or three months before the proceeding came on to be heard. She testified that the reason she had discontinued her employment was due to the fact that she had become ill. In answer to a question, " Q. Are you suffering from illness?" she answered, " A. Yes, I have to go under a nose and throat operation and a stomach operation." The credibility of her testimony was seriously impaired. She did, however, appear to the court to be a woman who was not well.

There is no testimony contradicting her claim of inability to work and so earn enough to make sufficient provision for her children.

The respondent earned $5,000 or $6,000 last year. That is his testimony. He is financially able to aid in the support and maintenance of his grandchildren. All that is asked of him is a contribution within his means to aid in such maintenance. The father cannot, as already said, increase his contribution. The mother presently is unable to work. If the children are to be sufficiently provided for, human consideration, humaneness and, moreover, the law compels an order to be made requiring the respondent to contribute to the support of his dependent grandchildren.

Order accordingly.