THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN G. MALER, Appellant.— Judgment of the County Court, Nassau County, convicting defendant of the crime of forgery in the second degree, unanimously affirmed. (*People v. Sciascia*, 268 App. Div. 14, affd. 294 N. Y. 927.) Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN J. SANZONE, Appellant.— Judgment of the County Court, Queens County, convicting the defendant of the crimes of robbery in the first degree, grand larceny in the second degree and assault in the second degree, committed as a second offender, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES SPEDALE, Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crime of rape in the first degree, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

LYLESE SANDS, Respondent, v. AUSTIN L. SANDS, SR., Appellant.— Order of Domestic Relations Court of the City of New York (Family Court), County of Kings, directing, as amended, appellant to pay $50 a month toward the support of a grandchild, reversed on the law and the facts and the proceeding dismissed, without costs. There is no proof in this record that the child is likely to become a public charge or that its parents are without means or are unable to earn sufficient to support the child. (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 2; L. 1933, ch. 482.) In the absence of such proof a grandparent, whose statutory liability is secondary (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 3), may not be required to make payments for the support of such a grandchild. (*Matter of Larkin* v. *Larkin*, 262 App. Div. 868.) Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.