■ HARRIET BLECK, Respondent, v. SOL BLECK, Appellant.— Appeal from an order dated October 18, 1955, which denied appellant's motion to modify a judgment of divorce as previously modified by an order dated November 8, 1954, granted his motion for reargument and upon such reargument adhered to the original decision. The original judgment granted respondent a divorce, made no provision for the payment of alimony, and awarded custody of the infant son of the parties to appellant. Thereafter he permitted the child to reside with the respondent, who had remarried. Subsequently an agreement was entered into between the parties to the action and the second husband, which provided that respondent and the second husband should have custody of the infant and would assume the obligation of support, and that appellant should be relieved of such obligation. Based on this agreement, appellant and respondent entered into a stipulation which provides that the obligation of support is assumed by respondent and that she " shall not in the future look to defendant [appellant] for support and maintenance of the infant," and that an order to that effect might be entered by either party without notice. The order dated November 8, 1954, reciting that it was based on the stipulation, modified the judgment by awarding custody to respondent and the second husband and by directing appellant to pay $15 a week for the infant's support. Appellant thereafter moved to modify the judgment as modified by the order dated November 8, 1954, to conform to the stipulation, and for reargument, which resulted in the order dated October 18, 1955, appealed from. Order dated October 18, 1955, modified on the law and the facts by striking therefrom the first ordering paragraph and by striking from the second ordering paragraph everything following the word " reargument " and by substituting therefor the following: " defendant's motion to modify the Judgment of Divorce is granted and it is further ordered that the said Judgment as modified by the order of November 8, 1954, be modified nunc pro tunc so as to conform to the stipulation, particularly by striking therefrom paragraph ' b) ' of the third decretal paragraph and by substituting therefor a direction in conformity with the provisions of paragraph ' b) ' of the stipulation dated October 6, 1954." As so modified, order dated October 18, 1955, affirmed, without costs, and without prejudice to any future applications which the best interests of the infant may require. Appeal from the portion of the order dated October 18, 1955, granting the motion for leave to reargue dismissed, without costs. While parties may not contract with respect to the custody and support of an infant so as to bind the court where it appears that the best interests of the infant require the court's intervention, either as a result of changed circumstances or otherwise (*Van Dyke* v. *Van Dyke*, 278 App. Div. 446, affd. 305 N. Y. 671; cf. *Finlay* v. *Finlay*, 240 N. Y. 429, 433–434), nevertheless such an agreement as between the parties may be binding and enforcible (*Earle* v. *Earle*, 158 App. Div. 552; *Earle* v. *Earle*, 164 App. Div. 713, affd. 222 N. Y. 589). Here there is no claim of changed circumstances or that respondent or her present husband is unable to perform the obligation they voluntarily assumed, nor does it appear that the infant is being improperly maintained or that his best interests require any contribution from appellant. This is not a case where the court is sanctioning an agreement to relieve a father of liability for the support of his child on a showing that the best interests of a child require such support; it is a case where the court is declining, at this

time and under the facts presented, to require the father to perform his duty in this respect on the ground that the mother and stepfather have voluntarily assumed that liability. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur. Settle order on notice.