Bernard S. Meyer, J.
In this proceeding under section 102 of the Social Welfare Law, the Commissioner of Welfare of Nassau County seeks to compel respondent, who is the paternal grandfather, to contribute to the support of his three grandchildren. At the close of the Commissioner’s case, respondent moved to dismiss the proceeding on the ground that the Commissioner had failed to show any attempt to proceed against the father or the maternal grandfather who, it is conceded, resides, as does respondent, in Queens County. The motion to dismiss is denied and the parties are directed to appear on March 2, 1962, at 2:00 p.m. for further hearing.
The statutory scheme established by sections 101 to 110 of the Social Welfare Law does not require that the Commissioner of Welfare proceed in any particular order against the persons made liable by that statute (seeMatter of Campbell, 208 Misc. 281, 283). The legislative purpose was to transmute the moral obligation of the relatives named in the statute into legal liability and thus “ the protection of the public purse.” (Anonymous v. Anonymous, 176 Misc. 103, 105; Matter of Rickey, 126 N. Y. S. 2d 261; see Klebes v. Condon, 260 App. Div. 238; Fuller v. Galeota, 271 App. Div. 155, 159.) Strict construction of the statute (because in derogation of the common law) does not mandate its distortion or the frustration of the legislative aim. Subdivision 1 of section 102 of the Social Welfare Law empowers the Commissioner to bring proceedings “ to compel any person *651 liable by law * * * to contribute to the support of a person cared for at public expense, or liable to become so dependent.” (Emphasis supplied.) The use of the singular modified by the indiscriminate adjective “ any,” the inclusion of not only those who have already become, but also those liable to become, public charges, and the provision that a bond may be required of a person liable for support, emphasize the statutory purpose and make clear that the Commissioner has no duty to proceed against all or explain his failure to do so. If support is needed for a conclusion so obvious from the face of the statute, it may be found in section 31 of the Children’s Court Act, and section 101 of the Domestic Eelations Court Act of the City of New York, which establish an order of liability and direct that the court “ shall determine and apportion the fair and reasonable sum that each such person shall be required to contribute ”, and in section 917 of the Code of Criminal Procedure which adds to a provision (Code Grim. Pro., § 914) substantially similar to subdivision 1 of section 101 of the Social Welfare Law authorization to the court to 11 direct two or more relatives, of different degrees, to maintain him [the poor person], prescribing the proportion which each must contribute for that purpose.” Evident from these provisions is that when the Legislature intends to impose a lesser degree of liability upon grandparents than upon parents (Sands v. Sands, 273 App. Div. 872) or to require that all grandparents who can be reached (see “ Rotina ” v. “Rotina,” 204 Misc. 291; Panzo v. Panzo, 192 Misc. 989; “Ketcham” v. “Ketcham”, 176 Misc. 993, 1004; Dooley v. Dooley, 174 Misc. 10; Whitney v. Harrison, 127 N. Y. S. 2d 227) or all persons who might be responsible (Matter of Du Mond, 196 Misc. 14) be brought before the court, it is aware of the language requisite to that end.
Respondent complains that if the Social Welfare Law be so construed, the Commissioner is empowered arbitrarily to impose the entire support burden on one grandparent although both be residents and equally able to provide support. Were the Commissioner given such power and were there no procedure by which one in respondent’s position could obtain redress against others whose liability is equal or greater in degree than his, grave constitutional question would arise (Mallatt v. Luihn, 206 Ore. 678; Hansis v. Brougham, 10 Wis. 2d 629 ; see Matter of Zorach v. Clauson, 303 N. Y. 161, 174, affd. 343 U. S. 306). That the Social Welfare Law does not require the Commissioner in the first instance to bring all persons potentially responsible before the court does not, however, mean that no procedure exists whereby respondent may obtain redress. Since, appar *652 ently, section 193-a of the Civil Practice Act applies to both actions and proceedings (see Matter of Petroleum Research Fund, 3 A D 2d 1), it may well be that respondent had a right to implead the maternal grandfather in this proceeding (cf. Dooley v. Dooley, supra, p. 13; Panzo v. Panzo, supra, p. 996; Tuffarella v. Erie R. R. Co., 10 A D 2d 525, 531, motion for leave to appeal denied 8 N Y 2d 1040). Further, if he is compelled in this proceeding to support his grandchildren, he has a cause of action against his son for necessaries and, notwithstanding the absence of a provision in the statute concerning contribution, also has a right to obtain contribution from the maternal grandfather. The right to contribution results from the statute imposing liability upon any grandparent and therefore all grandparents, and the principle that “ [w]here the situation of parties is equal and one has borne more than his just share of the common burden he is entitled to contribution from others who have been dealt with more fortunately.” (Asylum of St. Vincent de Paul v. McGuire, 239 N. Y. 375, 382; see Restatement, Restitution, § 81.) The right exists because the statute creates equal responsibility, quasi-contractual in nature (Manthey v. Schueler, 126 Minn. 87). The Manthey case, which was one of the cases cited by our Court of Appeals in Asylum of St. Vincent de Paul as authority for the above-quoted principle, sustained an action by a maternal grandfather against a paternal grandfather, and is squarely in point. Similar conclusions have been reached in Kentucky (Wood v. Wheat, 226 Ky. 762); Illinois (Shaver v. Brierton, 1 Ill. App. 2d 192); Wisconsin (Hansis v. Brougham, supra) and Oregon (Mallatt v. Luihn, supra). Those cases as well as Howie v. Gangloff (165 Minn. 346); Pechtl v. Schmid (172 Minn. 362; 18 C. J. S., Contribution, § 4; 41 Am. Jur., Poor and Poor Laws, § 12), distinguish voluntary payments from those under statutory compulsion, but since respondent herein will pay, if at all, only under compulsion of court order, the distinction has no present bearing. The court is aware that in Gordon v. Goldstein (17 Misc 2d 377) a cause of action by which plaintiff sought contribution from his brother for expenditures for support of their mother was dismissed. The decision may, perhaps, be distinguished on the ground that the pleading did not make clear that plaintiff’s payments were not voluntary. To the extent that the. decision holds that no right of contribution may be inferred from the statute, the court declines to follow it, both as a matter of the substantive law of contribution and because of the constitutional problem otherwise presented (Matthews v. Matthews, 240 N. Y. 28, 35; Matter of Vanderbilt, 281 N. Y. 297, 313, affd. 309 U. S. 530).