In the Matter of JOHN MCMANUS, as Commissioner of Public Welfare of the County of Nassau, Petitioner, *v.* ANONYMOUS et al., Respondents.

District Court, First District, Nassau County, June 15, 1962.

*Bertram Hartnett, County Attorney,* for petitioner. *Matthew P. Brady* for respondents.

BERNARD TOMSON, J. This is a proceeding by the Commissioner of Public Welfare of the County of Nassau to compel the paternal grandparents to support, or to contribute to the support of their infant grandchildren, whose mother receives public welfare assistance from the Department of Public Welfare of Nassau County for herself and her three children. (Social Welfare Law, §§ 101, 102; Code Crim. Pro., § 914 *et seq.*) The grandchildren are the recipients of aid from the County Department of Public Welfare in the amount of $239.25 per month.

The evidence clearly established the ability of the respondents to make monthly contributions in the sum of $187.27, the amount sought by the petitioner, since the respondents' gross income for 1960 and 1961 exceeded each year the sum of $12,000 and the residue, after deducting expenses in each such years, was approximately $4,500.

The respondents seek to avoid responsibility on the grounds that the petitioner has not shown that the father and mother of the dependent children are incapable of the support of the children and that such testimony is a condition precedent to the petitioner's recovery. That issue was disposed of in *Lister* v. *Sheridan* (33 Misc 2d 650 [Supreme Ct., Special Term, Nassau County, Feb. 23, 1962]). BERNARD S. MEYER, J., there denied a motion " to dismiss  *  *  * ` on the ground that the Commissioner had failed to show any attempt to proceed against the father " (cf. *Department of Welfare of the City of N. Y.* v. *Siebel,* 6 N Y 2d 536, revg. 5 A D 2d 1010; Grossman, New York Law of Domestic Relations [1947], § 158; 16 N. Y. Jur., Domestic Relations, § 601).

Respondents' reliance on *Calhoun* v. *Calhoun* (256 App. Div. 672 [1939], reargument denied 257 App. Div. 817) is misplaced. There the refusal to require the grandparent to support the grandchild was in part stated to be based on the fact that " the evidence here failed to show that appellant, the grandmother of the infant, was of sufficient means to support it ". The further statement that the evidence failed to show " that the parents, who are primarily liable, were unable to provide the necessary

support " was unnecessary for the result. Note also that the court was reviewing a proceeding brought pursuant to section 101 of the Domestic Relations Court Act, not to be confused with section 101 of the Social Welfare Law. Section 101 of the Domestic Relations Court Act, recites the " Legal liability for support " of the relatives named in separate subdivisions, whereas the Social Welfare Law groups such relatives in one sentence. Although both sections 101 must be read together (*Betz* v. *Horr*, 276 N. Y. 83) it is unfortunate that the statutes dealing with the same and similar situations contain ambiguous and confusing variations in language. See in addition to the sections already referred to, sections 914, 926-b of the Code of Criminal Procedure; sections 24, 80 and 128 of the Mental Hygiene Law and section 32 of the Domestic Relations Law.

It should come as no surprise to these respondents that the law imposes upon them, in accordance with their ability, the responsibility to provide support for their grandchildren when the father neglects or refuses to do so. What is surprising, and perhaps shocking, is that legal compulsion is required to accomplish this result and that these grandparents seem content to have their grandchildren continue as recipients of public welfare when it is within their financial power to avoid this result.

Being compelled to render support, the respondents here are not without remedy. They may seek reimbursement from their son, the father of the children involved. (See Grossman, New York Law of Domestic Relations, §§ 164, 373 *et seq.*, and 16 N. Y. Jur., Domestic Relations, § 632 *et seq.*)

The application is granted. Settle order providing that the respondents pay the sum of $2,247.24 per year, in weekly installments, for the support of the grandchildren now receiving public assistance.