John D. Bennett, S.
In this proceeding for the sale of real property, the parties have agreed to submit for determination the claim of the Department of Public Welfare for assistance granted to the grandchildren of the decedent in the amount of $7,917.21. Although the proof of claim in the annexed statement of assistance granted states the recipient to be the daughter of the decedent, the type of assistance is actually aid to such daughter’s children, the grandchildren of the decedent.
The administrator’s position that the claim is allowable only to the extent of the distributive share of the daughter in this estate is untenable.
Under section 101 of the Social Welfare Law, a grandparent as well as a mother is liable for the support of a grandchild or a child who is the recipient of public assistance, and pursuant to section 104 of the ¡Social Welfare Law, a proceeding is authorized against the estate of an individual who is so liable for the recovery of such assistance.
There is nothing in the language of either section 101 or 104 which requires the Commissioner of Public Welfare to exhaust his remedies against relatives in any particular order as a prerequisite to recovery (Matter of Lister v. Sheridan, 33 Misc 2d 650; Matter of Mallahan, 28 Misc 2d 593). The defense of insufficiency or inability to pay, which may have been available to the decedent during her lifetime, cannot now be asserted by her estate since the 1953 amendment to section 104 specifically bars such a defense (Trussell v. Kostiw, 35 Misc 2d 60).
The remaining question is whether the estate is entitled to contribution from the distributive share of the daughter, Sarah Nova, upon payment of the claim.
*766 The court in Matter of Kasner (175 Misc. 832, 835) held that where the Commissioner of Public Welfare had seen fit to pursue his right against the estate and not against the mother, ‘ ‘ there is no rule of law or morals which will permit the estate to shift its responsibility in this connection to the latter.” However in the recent case of Matter of Lister v. Sheridan (supra), the court recognized the equitable right of contribution which a paternal grandfather who was compelled to support his grandchildren has as against a maternal grandfather.
The court is in accord with the reasoning and conclusion arrived at in the Lister case. Accordingly the claim of the Department of Public Welfare is allowed in the full amount against the general estate. The estate however is entitled to receive contribution from the mother, Sarah Nova, to the extent of her distributive share in this estate.