## Park, et al. v. McCombs, et al.

(Decided January 19, 1912.)

### Appeal from Edmonson Circuit Court.

1. Wills.—Where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee; and an attempted limitation over is void.

2. Same.—But if the first taker be given an estate for life only, with a power of disposition, the estate is not enlarged save to the extent that the power of disposition may be exercised; and a limitation over will pass the undisposed of estate.

3. Same.—The power of disposition need not be given in express terms. It is sufficient if the language used of necessity implies the power of disposition.

E. W. EDWARDS for appellants.

M. M. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

One O. G. Murrell died a resident of Edmonson county, leaving a last will and testament. After the preamble, the disposing part of the will runs thus:

"I will first that all my just debts be paid and my burial expenses also, then my whole estate real and personal go to my beloved wife so long as she lives, then I want it to go, if any be left, to Maggie Smith, the girl that is living with me at this time."

Then, after making a small gift to one Charles Murrell, the will concludes. This case comes here on appeal from a judgment of construction of the will, rendered in the Edmonson Circuit Court.

It seems that Maggie Smith and the testator's wife both survived him; that Maggie Smith died before the wife, leaving an only son, one Lee Johnson; that her husband is dead, or has not been heard from for more than seven years, coupled with an absence from Kentucky. The appellants, Puss Park and Martha Smith, the sisters and only heirs of O. G. Murrell, claim that (a) the testator only carved out by his will a life estate for his wife, and that after her death his property passed as undevised estate to them as his heirs; or (b) that the death of Maggie Smith during the lifetime of the life-tenant caused a failure or lapse of the devise to her. John White, the brother of Nancy Murrell, Millie Pearson, Riley Cook and John Cook, the only children

of a deceased sister of Nancy Murrell, claimed that, as the only heirs of Nancy Murrell, they took the entire property upon her death—presumably upon the idea that as Nancy Murrell took the property with a power of alienation, that fact enlarged the estate given her by the testator's will into a fee simple. These heirs, however, have not appealed. Lee Johnson, the only son and heir of Maggie Smith, the girl named in the will, claims that the devise to his mother in remainder was absolute, and that he took the remainder devised to her, as her only heir. On submission the court, construing the will, adjudged the real estate in question to Lee Johnson. In this we find no error.

There is not much of difficulty about the rules of law applicable. They are so well settled that we consider it unnecessary to go into any lengthy discussion of the principles involved and will only state the rules as announced by this and other courts in numerous cases. The rule followed by the trial court is thus laid down by Chancellor Kent (4 Commentaries, 535): "If an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee unless the testator gives the first taker an estate for life only and annexes to it a power of disposition. In that case the express limitation for life will control the operation of the power and prevent the enlarging of the estate into a fee." This doctrine is enlarged upon in the leading Kentucky case of McCullough's Admr. v. Anderson, 90 Ky., 126, where it is said that if the estate is given or devised generally or indefinitely, with a power of disposition, it passes a fee; but when the devisor gives to the first taker an estate for life only, with the power to dispose of the fee, no greater estate is vested in the first taker than that carved out of the fee and vested in him by the devisor; that the failure to exercise the power of disposition reposed in the life tenant gives to the remainderman the fee, who takes under the will. The same doctrine is elaborated and fully discussed in the case of Clay v. Chenault, a thoroughly considered case in 108 Ky., page 77. It is also declared in Cralle v. Jackson, 26 Ky. Law Rep., 417; Ball v. Hancock's Admr., 82 Ky., 107; Pedigo's Extx. v. Botts, &c., 28 Ky. Law Rep., 196; Irvine, &c. v. Putnam, &c., 28 Ky. Law Rep., 465, and many other cases. It is true that in the case at bar the life estate, which is given in express and unambiguous terms, is not coupled with an express power of dispo-

sition; but the language, "if any be left," of necessity implies a power of disposition. This question is settled by the case of Galloway, &c. v. Durham, 118 Ky., 544, and Ide v. Ide, 5 Mass., 500. It results, therefore, from the foregoing rule that under the will of O. G. Murrell, his widow took a life estate in the property, coupled with a power of disposition; that since the power of disposition was annexed to a life estate, its presence did not enlarge the estate given her into a fee; that Maggie Smith, the remainderman, took an absolute fee in remainder in the property not disposed of by the life tenant. It, therefore, results that the trial court properly adjudged the real estate of O. G. Murrell to Lee Johnson, the only descendent and heir of Maggie Smith.

There is no merit in the suggestion that the death of Maggie Smith before the death of the life-tenant lapsed or nullified the devise in remainder. It is not a case of the death of a legatee or devisee before the testator; but if it were under section 4841 of the Statutes, Lee Johnson would yet take this real estate. Nor is it a case of a devise to one with a right to take contingent upon his surviving the testator, or of his surviving the life tenant. Nor is it a case whereby the estate given should suffer a defeasance upon the happening of any given event. It is simply the case of the giving of a life estate, followed by a remainder in fee simple, which is not affected either by the power of alienation given to the life tenant, nor by the death of the remainderman during the currency of the life estate. It follows, therefore, that the heirs of O. G. Murrell, who are appealing, had no interest in his estate.

As to the personal property. The doctrine above set out by Chancellor Kent applies alike to real and personal property. Jackson v. Robbins, 16 Johns., 582; Clay v. Chenault, supra. The trouble we find in the record, however, is not upon the construction of the will as to the personal property, but upon the meagre facts disclosed by the record as to the personal property, which was small in amount. The only reference to the personalty is in the petition seeking the construction. It says that the widow, Nancy Murrell, died intestate in 1911; that George McCombs qualified as her administrator; "that he has sold the personal property and realized therefor about the sum of $370." The petition does not charge that this personal property was any part of the estate of O. G. Murrell, or that it was such part of his personal

estate as had not been disposed of by the life tenant. Upon the contrary, the allegation that it had been taken charge of and disposed of by the administrator of Nancy Murrell, the testator's wife, in effect declares that the personal property was her own property acquired in some way not disclosed by the record. Be that as it may, the chancellor below had nothing in the record upon which to conclude that this personalty was any part of the estate devised by O. G. Murrell. He, therefore, properly adjudged it to the heirs at law of Nancy Murrell.

For the reasons given the judgment of the trial court is affirmed.