## Wood et ux. v. Wheat et al.

(Decided December 11, 1928.)

### Appeal from Monroe Circuit Court.

1. Statutes.—Ky. Stats., sec. 331f, requiring adult residents of state, possessing means and ability, to provide necessaries to destitute parent within the state, is not unconstitutional on ground that application only to adult children residing in state, possessing means or ability to discharge duty, was arbitrary classification within Constitution, sec. 59.

2. Statutes.—Reasonable classification in statute, based on substantial differences, is not forbidden by Constitution, sec. 59.

3. Parent and Child.—Child who furnished support to parent is not precluded from compelling contribution from other children on ground that contribution among wrongdoers is against policy of law, since plaintiff was not wrongdoer.

4. Parent and Child.—At common law, there was no legal obligation on part of children to support their indigent parents.

5. Parent and Child.—Where support for parent was voluntarily provided by one child when no punishment was imminent or prosecution pending, such child cannot, after parent's death, compel contribution from other children; no notice having been given that delinquent children would be expected to bear their share of burden, in view of Ky. Stats., sec. 2178, notwithstanding section 331f.

6. Parent and Child.—Ky. Stats., sec. 331f, imposes on children within its purview obligation to support destitute parents, and such obligation may not be shifted to one of children to exclusion of those equally liable and equally able to perform it.

7. Contribution.—It is general rule of equity that party who has discharged obligation or duty resting on several and constituting common burden or liability may recover contribution from those to whose advantage discharge of obligation operated.

8. Judgment.—Where plaintiffs are able under facts to state cause of action, dismissal on demurrer for insufficient allegations in pleading does not preclude them from proceeding on proper petition.

B. F. DENHAM for appellants.

CHARLES HARLAN and V. H. BAIRD for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Jesse Gum died testate, survived by his wife, Margaret, two sons, A. M. Gum and W. M. J. Gum, and three daughters, Roxie Wood, Jennie Wax, and Ivie Wheat. He devised a certain portion of his land to his sons, A. M. Gum and W. M. J. Gum, and the residue to his three daughters. The portion devised to the daughters was not burdened with any conditions or limitations, but that devised his two sons was on condition that his wife should have her support from the produce thereof so long as she remained his widow. The two sons by agreement partitioned their land, and W. M. J. Gum, with the consent and approval of Margaret Gum, sold and conveyed his portion to another. The right of Margaret Gum to any support from that portion of the land was voluntarily relinquished by her joining in that deed. A. M. Gum retained his portion of the land, but permitted his mother to have all the income therefrom. In fact, he left the land and removed to another state. The petition alleged that this land was inadequate to support Margaret Gum, who lived for many years in the house of plaintiffs, Roxie Wood and her husband, who took care of, served, and maintained her at their own expense. It is further alleged that the other children, Ivie Wheat, Jennie Wax, and W. M. J. Gum, residents of this state, lived near, but failed and refused to contribute anything to her support. This action was instituted to compel contribution from some of the other children for the support furnished Mrs. Gum. The circuit court sustained a demurrer to the petition. Plaintiffs stood on the pleading, and it was dismissed. This appeal by the plaintiffs presents the single question whether the petition stated a cause of action.

We put aside at once any provision made by the will of Jesse Gum for the support of his widow. If it proved to be insufficient, and the widow was destitute of means and unable to support herself, any obligation resting on

her children to provide for her the necessaries of life was not affected by the will of their father, or by the fact that they received property from him. It must be based on the present need of the parent and the present ability or means of the children. The question now presented is, may a child, who furnishes support to a dependent and decrepit parent who is unable to care for himself, recover of brothers and sisters, who are under like obligation, contribution for expenditures made to provide for such parent

It is argued in support of the judgment that section 331f of the Statutes of Kentucky is unconstitutional because it applies only to adult children resident in the state possessing the means or ability to discharge the duty thereby imposed. It does not apply to infants, nonresidents, or those unable to perform the particular duty. But that classification is not arbitrary and does not offend section 59 of the Constitution. The distinction made among children is on a real ground, affording a compelling consideration for classification. Reasonable classification, based on substantial differences, is not forbidden by the supreme law. Com. v. Golburg, 167 Ky. 96, 180 S. W. 68; Felts v. Linton, 217 Ky 305, 289 S. W. 312. Equally inapplicable is the argument that contribution among wrongdoers is against the policy of the law. The plaintiff performed her obligation to support her mother, and she was in no sense derelict in her duty, or a wrongdoer seeking reimbursement for a loss caused by a wrongful act in which she participated.

At common law there was no legal obligation on the part of children to support their indigent parents. 29 Cyc. 1619; Duffy v. Yordi, 149 Cal. 140, 84 P. 838, 4 L. R. A. (N. S.) 1159, 117 Am. St. Rep. 125, 9 Ann. Cas. 1017. Many of the states, however, have provided by statute that children, under certain circumstances, may be compelled to provide the necessaries of life for their parents. Appellants rely upon section 331f, Kentucky Statutes, which is an Act of March 16, 1906. It imposes upon any adult person, a resident of this state, possessing the means or ability to provide necessaries, having a parent within this state destitute of means of subsistence and unable by reason of old age, infirmity, or illness to support himself or herself, the duty, after reasonable notice, to supply such parent, and, if performance of that duty is neglected or refused, punishment may be inflicted.

It will be observed that this statute imposed a duty upon certain children, under certain conditions, to support an indigent and helpless parent, but the allegations of the present petition are not sufficient to bring this case within the terms of this statute.

It appears that Margaret Gum was 85 years of age, feeble in health, and worn out, until she had to be waited upon, cared for, and many necessaries provided. The petition also avers that the necessary care and attention were given by appellants for at least five years, and that its reasonable value was $800 per year. It is further stated that the sisters, Ivie Wheat and Willie Wax, were able to assist in the support of their mother, lived near, but failed and refused to contribute anything to that end, and, by reason of their refusal and failure to contribute anything to the support of their mother, they should be compelled to do so now. A present contribution to the support of the parent is not sought. The mother is now dead, and the appellants are seeking reimbursement to themselves for expenses incurred and services rendered to the dependent parent during the five years immediately preceding her death. There is no allegation in the petition that any notice was given, or demand made of the defendants to assist in the maintenance of their mother. It does not appear that they were called upon at the time to bear any portion of the expense or that contribution from them would ever be expected or exacted.

If a prosecution had been initiated under the statute and the conditions of liability had been complied with so that the children who were defendants in such prosecution were called upon to discharge their duty, and had been relieved from prosecution by the performance of the duty by one of them, further notice would probably be unnecessary, and contribution could be enforced. But, where support is voluntarily provided by one child, when no punishment is imminent or prosecution pending, if it is desired to hold the others liable, we think it essential that notice be given to the effect that the delinquent children will be expected to bear their share of the burden. In the absence of such notice, the delinquent children may be justified in assuming that the other child is performing the filial duty voluntarily and without any expectation of reward or reimbursement. There is authority to the effect that such a statute may be enforced only in the mode pointed out by its terms. 29 Cyc. 1620. But, as

the statute imposes a duty, the performance of that duty creates a right, which may be enforced, as any other right, by appropriate action by one entitled to maintain it. McCook County v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 Am. St. Rep. 854; McNary County v. McCoin, 101 Tenn. 74, 45 S. W. 1070, 41 L. R. A. 862.

These cases proceed on the principle that the suffering of indigent persons shall be relieved when they may be found in a destitute condition, and that advancements made for such purposes are justly chargeable in equity and conscience to the person whose relation towards the indigent person under the statute creates a duty or imposes the necessity of furnishing aid, and such obligation, when neglected or disregarded by those who should perform it, may be enforced in favor of whomsoever grants the relief, as for money paid out and expended for another's benefit, provided they are not mere volunteers. Ashland County v. Richland County Infirmary, 7 Ohio St. 65, 70 Am. Dec. 49.

The statute imposes upon the children coming within its purview the obligation to support parents that may be in the condition indicated by it, and this obligation may not be shifted to one of the children to the exclusion of those equally liable and equally able to perform it. It is a general rule of equity that a party who has discharged an obligation or duty resting upon several, and constituting a common burden or liability, may recover contribution from those to whose advantage the discharge of the obligation operated. 6 R. C. L. p. 1036; 13 C. J. pp. 821, 822, secs. 2, 3. But, in order that one child may impose upon the others the burden of contribution notice should be given in order that all the children may have equal opportunity to provide the service and supply the needs of the indigent parent. If one child supports a dependent parent, that fact relieves all the children from liability to prosecution under the statute, but, when that child expects to hold the others liable to him for contribution, he should give them notice and afford them an equal opportunity to perform the duty for pay, or to make a contribution for the purpose. It may be that the other children acquiesced in the support that was being given in the belief that it was without desire or expectation of compensation. The policy of our law is illustrated by the rule to the effect that a child may not, in the absence of an express contract, recover

from the estate of a parent for valuable services rendered in the support and care of the parent, even though it may have been no more his than his brother's burden. Clark v. Hale, 209 Ky. 496, 273 S. W. 39; Gruelle's Adm'r v. Houchen, 216 Ky. 369, 287 S. W. 919. Compare section 2178, Ky. Stats.

In order to state a cause of action, it is necessary to aver the facts bringing the parent and children within the conditions expressed in the statute. If contribution is sought, the facts which furnish the basis for the application of that doctrine must be set forth. We are constrained to hold that a cause of action was not alleged, and the court committed no error in dismissing the petition. If the appellants are able under the facts to state a cause of action, the dismissal on demurrer for insufficient allegations in the pleading does not preclude them from proceeding on a proper petition. Robenson v. Yann, 224 Ky. 64, 5 S. W. (2d) 271; Coleman-Clark, etc., v. Covington Bros., 186 Ky. 736, 217 S. W. 889.

The judgment is affirmed.