## Whalin et al. v. Whalin's Administrator et al.

(Decided Nov. 17, 1936.)

OTTO C. MARTIN for appellants.

E. N. MAYHUGH and J. D. VIA for appellees.

Opinion of the Court by Judge Ratliff—Affirming in part and reversing in part.

John L. Whalin, who was a citizen and resident of Butler county, Ky., died testate in December, 1928, and his will was duly probated. That part of the will pertinent to the issues of this case, reads as follows:

"Item No. 3.—I devise that after paying all my just debts and burial expenses, that all of my property, both real estate and personal property that I may own at the time of my death go to my beloved wife, Sarah E. Whalin to support and maintain her during her natural life to use for her benefit as she sees fit, but I would suggest that she be careful in spending of her means, when it comes to gifts, but I want her to have free use of all of my means in the way of supporting of her and if it takes the entire amount of the property I leave at my death to support her, I want it to go that way. She shall have the use and control of all of my property both real estate and personal property and shall have the right and privilege to use any and all of my property, but I suggest that she consult our son, R. E. Whalin and our son-in-law, Leo Martin and B. E. Norris before she sells any of the property, and if they think best for my said wife to sell or convey any of said property, then she may do so and may sell both land and personal property upon their advice and suggestions.

"Item No. 4.—I devise and bequeath that after the death of my wife that all the property that is left that it be equally divided between my three children, towit: R. E. Whalin, Oscar Whalin and my daughter, Pansy Whalin Martin to share and share alike in the division. * * *"

In April, 1929, approximately four months after the death of John L. Whalin. Sarah E. Whalin was adjudged insane and sent to the Western State Hospital of Ken-

tucky, and remained there until her death which occurred in December, 1932. R. E. Whalin was appointed administrator of the estate of Sarah E. Whalin and brought this suit to have the will construed and for a settlement of the estate, naming therein as party defendants the children and heirs at law of John L. and Sarah E. Whalin and the Western State Hospital of Kentucky.

The Department of Public Welfare for the use and benefit of the State Hospital, filed its answer and intervening petition, alleging that Sarah E. Whalin was committed to the Hospital on the 29th day of April, 1929, and remained there until the 18th day of December, 1932, and asserted its claim against the estate of Sarah E. Whalin in the sum of $1,309 for the care, maintenance, and support of her for the time she was in the hospital. The prayer of the petition is as follows:

"Wherefore, the intervening petitioner, prays that this not only be taken as its intervening petition, but as the answer of the Western State Hospital, who is made party defendant in the plaintiff's original petition; and it asks for a construction of the will of John L. Whalin; and if the court adjudges that under said will the property of Sarah E. Whalin, then that the same be sold and converted into money and the proceeds be applied upon this intervening petitioner's debt, interest and cost; and in case the property under the will did not pass to the estate of Sarah E. Whalin for the purpose of caring for and maintaining her during her natural life, but that it passes to the heirs of John L. Whalin, then your intervening petitioner asks that said property still be converted into money and the proceeds of said property be applied upon the payment of this intervening petitioner's debt, interest and cost, for by statute and virtue of the law made and provided in such cases, the estate of John L. Whalin or the estate of his children, R. E. Whalin and others, who are his children and heirs-at-law and also the children and heirs-at-law of Sarah E. Whalin, is made liable for the payment of the board, keep and maintenance of the said Sarah E. Whalin at said Western State Hospital."

It appears that the appellants, Pansy Whalin Martin and her husband, Leo Martin, were nonresidents of

the state and only constructively before the court by warning order.

Thereafter the court entered judgment ordering the land sold for the purpose of settling the estates of John L. Whalin and Sarah E. Whalin, and the proceeds of the sale be held by the commissioner until after all issues in the action are settled, or such order as the court may deem necessary in the premises. Thereafter Pansy Whalin Martin and Leo Martin filed motion to set aside the judgment and order of sale and filed a general demurrer to the intervening petition of the Department of Public Welfare, which demurrer was overruled, and thereupon they filed their answer, resisting the claim of the hospital or Department of Public Welfare, denying that the estate of Sarah E. Whalin was indebted to the Hospital in any sum, and, among other things, pleaded the will of John L. Whalin, alleging that under the terms of the will all the property, real and personal, devised to Sarah E. Whalin, vested in the children of John L. Whalin and that Sarah E. Whalin left no estate and the estate sought to be settled in this action is not the estate of Sarah E. Whalin, but is the estate of John L. Whalin, and that he owed no indebtedness and the claim sought to be enforced by the intervening petitioner for the use and benefit of the State Hospital, is a claim against said Sarah E. Whalin, and her estate, had she left one, but that the estate sought to be subjected to the claim of the intervening petition having passed to the children of John L. Whalin, it cannot be subjected to any claim against the estate of Sarah E. Whalin. The record does not disclose that any reply was filed to the answer or that it was otherwise controverted. However, the issues were made and the case practiced by the parties and considered by the court as though the answer were controverted, and no question is raised in brief of counsel in respect thereto.

The commissioner filed his report allowing certain claims against the estate, including the claim of the State Hospital in the sum of $1,309 and the appellants filed exceptions to so much of the report as allowed the claim to the Hospital.

The court entered judgment construing the will, adjudging that Sarah E. Whalin took under the will a life estate in all the property, real, personal, and mixed, owned by John L. Whalin at his death with absolute

power to use and dispose of the corpus of the property and all of it for her support and maintenance during her life, and that whatever property, real or personal, was not disposed of by her during her life for her support and maintenance descended to the children of John L. Whalin, and all other matters involved in the litigation were continued for further orders.

Before the entry of the final judgment the property was sold and the purchase price therefor paid into the hands of the commissioner and by him held for a final determination of the action. It appears that after the commissioner had paid certain uncontroverted claims there remained in his hands the sum of $339.42.

In May, 1934, the court entered a final judgment adjudging that the estate of Sarah E. Whalin was indebted to the Western State Hospital in the sum of $1,309, and that at the time of her death she was the owner of the real estate described in the petition, which property theretofore had been sold under a previous order of the court, and the purchaser had a perfect title thereto. It was further adjudged that the hospital has a lien upon the proceeds of the sale of the property for the payment of its debt, interest, and costs and that the commissioner first pay the costs of the action including the attorney's fee, and the balance of the proceeds of the sale of the property be paid to the Department of Public Welfare for the use and benefit of the State Hospital.

The sum here in controversy being less than $500 and not appealable as a matter of right, Pansy Whalin Martin and Leo Martin filed the record with this court and have prayed an appeal.

We concur in the judgment of the chancellor in the construction of the will. It is obvious that the devise to Sarah E. Whalin vested her with a life estate with the power and right, however, to sell and dispose of any part or all the property in her lifetime for her support and maintenance, but at her death all the property, personal and real, undisposed of by her, immediately vested in the children of John L. Whalin. Miracle et al. v. Miracle et al., 260 Ky. 624, 86 S. W. (2d) 536, 102 A. L. R. 964; Park et al. v. McCombs et al., 146 Ky. 327, 142 S. W. 401; Woodward et al. v. Anderson et al., 145 Ky. 134, 140 S. W. 57. But we cannot concur with the chan-

cellor in so much of the judgment as adjudges a lien against the land in controversy to secure the payment of the claim of the Hospital.

In Huffman v. Hatcher et al., 178 Ky. 8, 198 S. W. 236, L. R. A. 1918B, 484, it is held that the estate of the life tenant having ceased upon his death, the land could not thereafter be subjected to a lien for the payment of the debt of the life tenant. See, also, Superior Oil Corporation et al. v. Alcorn et al., 242 Ky. 814, 47 S. W. (2d) 973.

It is insisted, however, that the State Hospital is entitled to subject the property in question to the payment of its claim under the provisions of sections 216aa-37 and 216aa-38, Kentucky Statutes. Section 216aa-37 provides:

"Where the patients have been, or may be, supported in any of the institutions embraced in the provisions of this act have, or shall acquire estates which can be subject to debt, they shall be liable for their board and maintenance, * * * and when the husband, wife or parent of any such patient, who has been or may be supported in any of said institutions, shall have an estate sufficient for the support of such patient in addition to the support of any other who may be dependent on such husband, wife or parent, in like manner to sue for and recover from such husband the amount of his wife's board, or from such wife the amount of her husband's board, and from such parent the amount of his or her child's board at the rate aforesaid, for the time they shall have been supported by such institution."

It will be seen that property subject to debt only may be subjected to the payment of such claims. It is not shown that the property sought to be subjected in the present action is exempt or otherwise subject to debt, nor is it shown that appellants had an estate sufficient for the support of their mother in addition to the support of any others who were dependent on them for support; and, furthermore, the Statutes limit the right of recovery against the husband, wife, or parent of any such patient, but does not mention children of such patient. In the present action recovery is sought not against the wife, husband, or parent of the patient, but against the children of the patient. Section 216aa-38

authorizes the board to fix the rate paid for the support of such patients to be paid by the persons responsible therefor mentioned in the preceding section.

The further insistence is that the appellants are liable under section 331f. This section of the Statutes merely provides that adult persons whose parent is unable by reason of old age, infirmity, or illness to support himself or herself, and who, adult child, is possessed of or able to earn, means sufficient to provide such parent with necessary maintenance and neglects or refuses to do so shall be subjected to a fine and penalty for such failure. But this statute is not applicable to the facts of the present case.

For reasons stated, the motion for an appeal is sustained, appeal granted, and the judgment is reversed in so far as it subjects the proceeds of the sale of the property in question to the payment of the claim of the State Hospital, and affirmed as to the construction of the will, and remanded for proceedings consistent with this opinion.