In the Matter of the Accounting of BETTY SANTILLO, as Administratrix of the Estate of JOHN H. CAMPBELL, Deceased.

Surrogate's Court, Ontario County, July 29, 1955.

*Relin & Relin* for administratrix, petitioner.

*Hugh M. Jones, Jr., County Attorney,* for County of Ontario.

JOSEPH W. CRIBB, S. John H. Campbell died intestate on April 13, 1954, a resident of Ontario County, New York, and letters of administration were issued to Betty Santillo on May 21, 1954. Mr. Campbell's estate consisted solely of real estate, and he was survived by two daughters, Mrs. Jean Root, of Fairport, New York, and Mrs. Betty M. Santillo, of Canandaigua, New York.

On June 3, 1954, the Ontario County Department of Welfare, pursuant to section 104 of the Social Welfare Law, filed two claims against the estate, one for the care of the deceased, John H. Campbell, in the amount of $1,194.32, and one for the foster home care of one Carolyn Dryer, granddaughter of the deceased and daughter of said Betty Santillo, in the amount of $1,254.72.

Subsequently the administratrix paid the claim of the county for the care of the deceased in full, but rejected the amount claimed for care rendered the deceased's granddaughter.

It is now, in effect, stipulated by respective attorneys that the question as to the validity of the claim against the estate of the deceased for care rendered his granddaughter be submitted to the court for determination.

Subdivision 1 of section 101 of the Social Welfare Law renders, among others, a grandparent liable for the support of a grandchild who has received public assistance, '' if of sufficient ability ''.

Section 104 of the Social Welfare Law provides that a public welfare official may bring action against the estate of a person who dies leaving real or personal property, if such person, or anyone for whose support he was liable, received assistance during the preceding ten years.

The pertinent words, '' if of sufficient ability,'' in said section 101, have often been used to defeat a claim of a public welfare official seeking reimbursement; in the instant case it is argued by counsel for the administratrix that he surely wasn't of sufficient ability inasmuch as he himself was the recipient of public welfare prior to his death. Counsel for the administratrix

further argues that this deceased's estate is not primarily liable and that the county should exhaust any remedies it may have against the grandchild's parents.

Disposing first of the question concerning the phrase " if of sufficient ability," it must be noted that the Legislature amended section 104 of the Social Welfare Law, effective April 19, 1953 (L. 1953, ch. 838), by adding a new sentence as follows: " No claim of a public welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received." It is apparent that the Legislature by the enactment of this amendment to section 104 intended thereby to prevent a public welfare official's failure to recover in just such a case as this where in fact the deceased died leaving real or personal property.

A recent case involving this question is that of *Matter of Kania* (208 Misc. 733). While a recovery was not allowed in that case, the decision rested in part, at least, on the fact that the deceased in that case died prior to the effective date of the amendment to section 104 of the Social Welfare Law. In the case at hand the deceased died approximately one year after the effective date of said amendment.

While it is true that certain individuals are primarily liable for the support of relatives, I find no law requiring a commissioner of public welfare to exhaust his remedies against relatives in any particular order as a prerequisite to recovery under section 104.

The claim of the Ontario County Department of Welfare, therefore, is hereby allowed.

Let an order be entered accordingly.