In the Matter of the Accounting of WILLIAM KARNBACH, as Administrator of the Estate of WILHELMINA KARNBACH, Deceased.

Surrogate's Court, Kings County, August 29, 1955.

*Charles Podsen* for administrator, petitioner.

*Peter Campbell Brown, Corporation Counsel (Philip Sokel* and *Harold W. Wachtler* of counsel), for Commissioner of Welfare of the City of New York.

Moss, S. Prior to decedent's death and up to and including April 15, 1953, the commissioner of welfare of the City of New York furnished public assistance and care to one of decedent's sons and the latter's children. The commissioner filed a claim for the assistance furnished. This claim was rejected by the administrator. The validity of the claim has been submitted for determination on an agreed statement of facts.

At the time such assistance and care were furnished the pertinent provisions of the Social Welfare Law were as follows: " § 101. *Liability of relatives to support.* 1. The * * * mother, [or] grandparent * * * of a recipient of public assistance or care * * * shall, *if of sufficient ability,* be responsible for the support of such person." (Emphasis supplied.) " § 104. *Recovery from a person discovered to have property.* 1. A public welfare official may bring action * * * against the estate or the * * * administrators * * * of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract."

Concededly the commissioner could not have recovered from the decedent at the time the assistance and care were furnished or at any time during her lifetime, for at no time was decedent possessed of " sufficient ability," within the meaning of the statute. Until April 19, 1953, the possession of funds at the time of suit or at death was not enough to enable the commissioner to recover in the absence of proof of *financial ability at the time assistance was rendered* and the burden of proving such ability was on the commissioner (*Matter of Moore,* 277 App. Div. 471; *Matter of Saunders,* 201 Misc. 734; and cases cited therein; *Matter of Kania,* 208 Misc. 733). There is no question therefore that the commissioner could not have recovered from decedent's estate under the law existing up to April 19, 1953. However, effective April 19, 1953, chapter 838 of the Laws of 1953 added the following sentence to subdivision 1 of section 104 of the Social Welfare Law: " No claim of a public

welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received.''

Decedent died on April 25, 1953, six days after the effective date of the amendment. The commissioner contends that the above-quoted amendment is a remedial statute to be liberally construed so as to permit a recovery under the facts of this case; that decedent's death conclusively established that she was of sufficient ability during her lifetime; and that decedent's estate is responsible for the amount expended by claimant for the support of decedent's son and grandchildren. The commissioner further contends that it is not necessary to give a retroactive effect to the amendment in order to impose liability on decedent's estate but that '' At the moment of death, a claim against her estate came into being.'' Claimant asserts '' No vested right of decedent's distributees was infringed because their right to inherit did not come into being until the decedent died and such right was governed by laws in effect '' at the time of her death.

At the outset, the question of whether the amendment is merely procedural and remedial or whether it creates a change in substantive law must be determined. The line of distinction is not always easy for a determination of the intent of a statute does not always depend entirely on the form into which it has been cast (*Shielcrawt* v. *Moffett,* 294 N. Y. 180). Its impact on existing rights and obligations under applicable canons of statutory and constitutional interpretation more reliably define its nature. '' The general rule is that statutes are to be construed as prospective only   *   *   *   It takes a clear expression of the legislative purpose to justify a retroactive application *   *   *   Changes of procedure, *i.e.,* of the *form* of remedies, are said to constitute an exception   *   *   *, but that exception does not reach a case where before the statute there was no remedy whatever   *   *   *   To supply a remedy where previously there was none of any kind, is to create a right of action.'' (*Jacobus* v. *Colgate,* 217 N. Y. 235, 240.) (Emphasis in original, citations omitted.) The Legislature was chargeable with knowledge of these principles and with the requirement that the commissioner establish affirmatively the financial ability of the mother and grandmother at the time the assistance was rendered

before an existing legal obligation was created. (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24.) '' There is nothing in the text of the amendment in question to take it out of the general rule which requires statutes to be construed as prospective only '' (*Matter of Container Co.* [*Corsi*], 298 N. Y. 277, 279).

Every statute of this nature which creates a new obligation in respect of transactions or considerations already past must be presumed not to have a retrospective operation (Endlich on Interpretation of Statutes, p. 367; *Matter of Eagan* v. *Livoti,* 287 N. Y. 464, dissenting opinion, per Conway, J., p. 474; *Isola* v. *Weber,* 147 N. Y. 329; *Western New York & Pennsylvania Ry. Co.* v. *City of Buffalo,* 296 N. Y. 93; *Saltser & Weinsier* v. *McGoldrick,* 295 N. Y. 499; *Waddey* v. *Waddey,* 290 N. Y. 251; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton,* 284 N. Y. 57; *Feiber Realty Corp.* v. *Abel,* 265 N. Y. 94; *Addiss* v. *Selig,* 264 N. Y. 274; *Walker* v. *Walker,* 155 N. Y. 77; *Matter of Miller,* 110 N. Y. 216; *New York & Oswego Midland R. R. Co.* v. *Van Horn,* 57 N. Y. 473). In addition the Legislature employed the words '' shall be '' in the text of the amendment. These words are some evidence of the legislative intent that the enactment is to be regarded as prospective only (*Weiler* v. *Dry Dock Sav. Inst.,* 258 App. Div. 581, affd. 284 N. Y. 630; *Dalziel* v. *Rosenfeld,* 265 N. Y. 76, 79; *Sanford* v. *Bennett,* 24 N. Y. 20).

The amendment creates a legal obligation or liability against this decedent's estate where no such legal obligation or liability existed against decedent during her lifetime. Such an amendment of the law is not a matter of procedure but on the contrary is one of substantive law, and as there is no clear indication of a legislative intention to have the amendment apply to assistance rendered prior to its effective date, the amendment must be deemed to relate to legal obligations which arose after its enactment. The court therefore holds that under the facts of this case the amendment is inapplicable to the claim filed by the commissioner. On this construction, it is unnecessary for the court to determine the constitutional question presented for consideration by the administrator.

The claim of the commissioner for assistance furnished and his objections to the account relating thereto are dismissed. Settle order on notice.