Margaret Mary J. Mangan, J.
The defendant moves under rule 106 of the Rules of Civil Practice to dismiss the second alleged cause of action.
The plaintiff and the defendant are brothers. It is alleged in the said second count of the complaint that the plaintiff supported his aged and ill mother, who was unable to maintain herself and likely to become a public charge, and that the defendant, although under a legal obligation and although of sufficient financial ability to meet it, failed to contribute anything. The plaintiff seeks reimbursement from the defendant to the extent of the latter’s proportionate share of the moneys which were necessary for the mother’s support.
It is section 101 of the Social Welfare Law which imposes upon children financially able to do so the duty of supporting needy parents. At common law there was a moral duty to furnish such support but apparently no legal responsibility. Thus the cause of action pleaded in the second count is of a quasi-contractual nature and rests upon the provisions of title 6 of article 3 of the Social Welfare Law, that is, section 101 et seq. In this connection, section 914 of the Code of Criminal Procedure and sections 92 and 101 of the New York City Domestic Relations Court Act are also tangentially pertinent. It is significant, however, that title 6 of article 3 of the Social Welfare Law provides for enforcement of its requirements only at the instance of and by public welfare officials. It does not vest the cause of action in any private person.
It seems to me, therefore, that one who has furnished support to a needy relative, as he was both legally and morally obligated to do, cannot claim contribution from another person who bore a like obligation which he failed to meet. Title 6 (art. 3) of *378 the Social Welfare Law is in derogation of the common law and may not be so enlarged by implication as to create a canse of action for which no statutory provision has been made. It may well be that the Legislature has purposely refrained from granting such a cause of action for contribution because it would not be in the interest of public policy to let loose an avalanche of litigation between contentious relatives. All sorts of questions would present themselves in an action such as this, for example, the quality of the support which has been furnished to the needy relative. Of course, a son may expend as much for his mother’s maintenance as his own means permit and his generosity impels. How much reimbursement should he expect from a brother less fortunately circumstanced and perhaps less kindly disposed? These troublesome questions, among others, might make difficult the resolution of such a lawsuit; and, in any event, a radical innovation in and alteration of public policy is involved, and as the Legislature has not been explicit this court cannot read into the statute the intent to create this new kind of action. If the Legislature did in fact intend to confer such a cause of action as this, it is fair to assume that it would have said so instead of leaving the matter to inference. It did expressly grant an appropriate cause of action to public welfare officials. This court does not find itself in agreement with certain decisions in other jurisdictions to which it has been referred, notably, Shaver v. Brierton (1 I11. App. 2d 192); Manthey v. Schueler (126 Minn. 87); Wood v. Wheat (226 Ky. 762).
Accordingly, the motion of the defendant is granted and the second alleged cause of action is dismissed.