Martha WOODS, Appellant,

v.

**ASHLAND HOSPITAL CORPORATION
et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 2, 1960.

595

H. R. Wilhoit, Grayson, for appellant.

Howard Van Antwerp, Jr., Ashland, for Ashland Hospital Corp.

R. C. Littleton, Grayson, for Alpha Wilson and Elba Roberts.

A. W. Mann, Ashland, for Ruby Miller.

MONTGOMERY, Judge.

The Ashland Hospital Corporation recovered judgment for the sum of $405.33 against Martha Woods, Alpha Wilson, and Elba Roberts, each, and $205.33 against Ruby Miller, she having paid $200, as the hospitalization cost of Mary Riffe, their mother. It was further adjudged that each of the sisters, other than Martha Woods, should have judgment against Martha Woods for the amount paid by each of them, respectively, on the judgment. Martha Woods has moved for an appeal.

By this action, the hospital recovered judgment for the cost of the hospitalization of Mary Riffe from January 20, 1956, to April 16, 1956, from her adult children. Other recovery was sought, unsuccessfully. There is no cross appeal.

The action by the hospital against the adult children of Mary Riffe was expressly based on KRS 405.080, which provides:

"Any adult person residing in this state and having in this state a parent who is destitute of means of subsistence and unable because of old age, infirmity or illness to support himself or herself, shall, after reasonable notice, provide that parent with necessary shelter, food, care and clothing, if he has, or is able to earn, sufficient means to do so."

By cross claim, Ruby Miller sought to hold appellant responsible for all of the hospitalization cost under a contract between Martha and Harlan E. Woods and her mother, Mary Riffe, and also sought to hold each of the other sisters liable for her proportionate part of the cost under the statute with judgment over against appellant as each paid her part of the cost. The judgment rendered includes relief under this cross claim.

By an agreement made in 1953, Mary Riffe conveyed her life estate in "her home place" in Carter County to Martha and Harlan E. Woods. The Woodses agreed that they "will care for her in the same manner as if she were a member of their own family, will provide adequate food, clothing, heat, shelter and other comforts and conveniences commonly enjoyed by the people of the same or like station in life and shall treat said party of the first part with kindness and consideration, all to continue and be done and performed by the parties of the second part for the balance of the natural life of said Mary Riffe." The "home place" was a small farm on which seventeen or eighteen acres of corn and one-half acre of tobacco were the principal sources of income.

Mary Riffe lived with the Woodses from the date of the contract until her death at age ninety-one years on August 1, 1957, except when she was in the hospital. In January 1956, the old lady sustained a broken hip. A few days later, Ruby Miller, who lived in Ashland, moved her mother by ambulance to a hospital in that city. Judgment was awarded for that hospital treatment.

Appellant insists that KRS 405.080 does not afford the hospital the basis for a cause of action because: (1) There was no "reasonable notice" as required by the statute; (2) the statute is inapplicable to a third party; (3) "care" as used in the statute and in the contract does not embrace hos-

pitalization; and (4) Mary Riffe was not "destitute of means of subsistence" within the meaning of the statute.

In discussing the statutory requirement of reasonable notice, it was said in Wood v. Wheat, 226 Ky. 762, 11 S.W.2d 916, 918:

> " * * * in order that one child may impose upon the others the burden of contribution, notice should be given in order that all the children may have equal opportunity to provide the service and supply the needs of the indigent parent. If one child supports a dependent parent, that fact relieves all the children from liability to prosecution under the statute, but, when that child expects to hold the others liable to him for contribution, he should give them notice and afford them an equal opportunity to perform the duty for pay, or to make a contribution for the purpose."

This rule has been approved. Engle v. Terrell, 281 Ky. 88, 134 S.W.2d 980.

The trial judge found that the appellant, Alpha Wilson, and Elba Roberts had notice of the condition of their mother and of the services rendered her by the hospital. The proof is that Ruby Miller made all of the hospital arrangements for Mary Riffe without notifying or consulting appellant. There was no proof, and consequently no finding of fact, that before her mother was hospitalized there was any notice given to appellant that she would be charged with any part of such expense. Five days after her mother was admitted to the hospital, Ruby Miller had her attorney write each of the other sisters and ask them "to indicate your willingness to bear your proportionate share" of the hospital expense. This letter is not considered "reasonable notice" because it did not afford appellant or her other sisters the opportunity "to provide the services and supply the needs" of their mother, which might have been done at less expense elsewhere.

The right of a third party to pursue a cause of action under this statute was denied in Whalin v. Whalin's Adm'r, 266 Ky. 209, 98 S.W.2d 501. It was held that a state hospital could not maintain an action under this statute against adult children for the care rendered their mother.

At common law, there was no legal obligation upon the part of a child to support an indigent parent. Wood v. Wheat, 226 Ky. 762, 11 S.W.2d 916. 67 C.J.S. Parent and Child § 24, page 727. By statute, an obligation under specified conditions has been placed on the adult child to provide the indigent parent "with necessary shelter, food, care and clothing." Appellant insists that the obligation to provide professional care, medical treatment, and hospitalization does not come within the purview of the statute. The need for professional care might be legal, medical, or otherwise. Such care, medical treatment, or hospitalization usually is expensive. The amount sought to be recovered by the hospital in this action totaled $3,064.65. KRS 405.990(5) provides a penalty for violation of KRS 405.080, and further provides for the suspension of the sentence upon execution of bond in the penal sum of $500 conditioned on furnishing the statutory requirements.

This statutory provision indicates that the Legislature did not contemplate unlimited expenditures. Accordingly, it is concluded that the care under the statute is of a personal nature to be rendered by the child rather than professional care to be furnished by others. Considering the situation of the parent and child, Martha Woods, the life estate of the mother, and the language of the contract, the conclusion is reached that appellant was not obligated to furnish hospitalization to her mother under the statute or the contract.

Lastly, Mary Riffe had a contractual obligation by which appellant and her husband were to provide her "adequate food, clothing, heat, shelter and other com-

forts and conveniences," which either were furnished her or were available to her until she died. The hospital contends that because Mary Riffe did not have the financial means with which to satisfy hospital bills she was "destitute and indigent" under the statute. This is not a fair test. Had Mary Riffe not sustained a broken hip, she, in all likelihood, would have continued to receive the benefits of her contract from appellant. The inability to pay hospital bills does not condemn one as being destitute and indigent. It, therefore, is concluded that Mary Riffe was not destitute and indigent within the purview of the statute.

The motion for an appeal is sustained and the judgment is reversed.