Christopher C. McGrath, S.
The preliminary issues in this contested accounting proceeding are determined as follows:
This court agrees with the holding in Matter of Karnbach (208 Misc. 693) and Matter of Kania (208 Misc. 733) that the amendment to section 104 of the Social Welfare Law, effective April 19, 1953, was not retrospective in operation but prospective only. The claim of the Department of Welfare of the City of New York will be allowed for the public assistance granted to the decedent’s daughter and her two children from April 19, 1953 to May 17, 1959 in the sum of $10,939.10. The objection to the additional sum of $1,878.13 representing the alleged administrative cost of administering this particular case by the Department of Welfare will be determined as hereinafter directed. •
*594 As to that portion of the Welfare Department’s claim for public assistance granted to the decedent’s daughter and his grandchildren prior to April 19,1953, it will be necessary for the claimant to show that the decedent was of sufficient ability within the provisions of section 101 of the Social Welfare Law and the burden of showing financial ability is on the Commissioner of Welfare (Whalen v. Downs, 10 A D 2d 148).
The objectant’s contention that the Department of Welfare was required to compel support from the husband of the decedent’s daughter who was also the father of the children who obtained public assistance is overruled. There is nothing in the language of sections 101 and 104 of the Social Welfare Law which requires the Commissioner of Welfare to exhaust his remedies against relatives in any particular order as a prerequisite to recovery (Matter of Campbell, 208 Misc. 281 ; Matter of Kasner, 175 Misc. 832 ; Matter of Modafferi, 174 Misc. 789).
This matter is placed on the calendar of this court on the 12th day of June, 1961 at 10 o’clock in the morning for a hearing with reference to the following remaining issues:
1. Whether the decedent had “ sufficient ability ” as to the claim for support of his daughter and grandchildren prior to April 19, 1953.
2. The claim by the Department of Welfare for the administrative cost of administering the case involved herein.
3. Proof by Lawrence P. Mallahan, Jr. of his rejected claim for $1,700.