RAY E. TRUSSELL, as Commissioner of Hospitals of the City of New York, Plaintiff, *v.* WILLIAM B. KOSTIW, Defendant and Third-Party Plaintiff. JOHN KOSTIW, Third-Party Defendant.

Supreme Court, Special Term, New York County, May 11, 1962.

*Leo A. Larkin, Corporation Counsel (James H. Levy of counsel), for plaintiff. Rathgeber, Roman & Murphy (Gerald H. Murphy of counsel), for defendant.*

NATHANIEL HELMAN, J. By this application, the Commissioner of Hospitals of the City of New York seeks an order pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, striking out 11 separate, distinct, affirmative defenses, and one equitable defense from the answer of the defendant on the ground of their insufficiency in law. In its first cause of action, plaintiff seeks to recover from defendant as the sole distributee of his mother's estate a sum equivalent to the cost of her husband's hospitalization in a city-owned hospital, under sections 101 to 104 of the Social Welfare Law and sections 170 and 176 of the Decedent Estate Law. Similar relief is requested in the second cause of action which is founded on the statutory duty of defendant personally to repay the city for care given his father, under the provisions of sections 101 to 104 of the Social Welfare Law. It is the claim of defendant that his father, John Kostiw, had abandoned his wife and son in 1951, such abandonment continuing to the date of her death in 1961, and that he had been guilty of misconduct (adultery) during that period. Urging that a finding favorable to plaintiff would be unjust, inequitable and against public policy, defendant requests an opportunity to factually establish those matters upon a trial.

Subdivision 1 of section 101 of the Social Welfare Law provides that a "wife * * * of a recipient of public assistance or care * * * shall, if of sufficient ability, be responsible for the support of such person ". Authority to bring an action thereon, is contained in section 104. A significant amendment to the latter section was added in 1953 (L. 1953, ch. 838), pro-

viding that no claim of welfare officials " shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received ". It is evident that the quoted statutes are silent as to the obligations of the wife and next of kin when the husband abandons her or is guilty of misconduct. A statute of this kind is penal in nature and the duty imposed becomes absolute in the absence of exculpatory words of exemption. The statute must, therefore, be literally construed (*Matter of Cybulski,* 8 Misc 2d 119; *Jones* v. *Jones,* 161 Misc. 660).

The court can readily understand defendant's resistance to the present claim, but the failure of the Legislature by words of limitation, exemption or exclusion to except from the obligations of the statute the abandoned spouse or child, was no doubt based upon many considerations. " If the State discharges her obligation, it is not unreasonable that the State should be reimbursed by her for the expenditure. * * * It merely attaches a new incident to the marriage relationship ". (*Hodson* v. *Stapleton,* 248 App. Div. 524, 525; see, also, " *Mendelsohn* " v. " *Mendelsohn* ", 192 Misc. 1014; *People* v. *Schenkel,* 258 N. Y. 224; *Hodson* v. *Picker,* 159 Misc. 356.) Until the marriage relationship is terminated by divorce or annulment, the burden is cast on the wife regardless of the fault of either spouse (" *Lebolt* " v. " *Lebolt* ", 200 Misc. 704). The defense of insufficiency or ability to pay which may have been available to defendant's mother during her lifetime, cannot now be asserted by the son, since the amendment of 1953 to section 104 specifically excludes such a disclaimer. Several cases have already interpreted the amendment as a bar to such a defense (*Matter of Campbell,* 208 Misc. 281; *Matter of Karnbach,* 208 Misc. 693; *Matter of Falletta Polletta,* 22 Misc 2d 991).

The second cause of action which is directed at the son personally, and not as the beneficiary of his mother's estate, is likewise supported by the provisions of sections 170 of the Decedent Estate Law and 104 of the Social Welfare Law (*Hodson* v. *Marks,* 165 Misc. 680). The liability of the mother and son is several in nature and to the Public Welfare Administrator is given the right to select either as a proposed defendant. He is not required to exhaust his remedies against relatives in any particular order. (*Matter of Mallahan,* 28 Misc 2d 593; *Matter of Ruderman,* 266 App. Div. 935.)

Defendant, in asserting laches as a defense, overlooks the nature of the liability fixed by this statute. The obligation is one of implied contract. No equitable relief is being sought by plaintiff and the six-year statute is applicable.

The entire subject of support of the father by his son is the outgrowth of statutory law, since no such obligation existed at common law. Such duties as are imposed are, therefore, to be strictly construed, even though the result may at times, because of the father's abandonment of his home, prove a hardship on the members of his immediate family (*Gordon* v. *Goldstein*, 17 Misc 2d 377). The motion is in all respects granted, and the defenses will be stricken.