Joseph A. Suozzi, J.
This is an application pursuant to sections 101 and 104 of the Social Welfare Law and section 914 of the Code of Criminal Procedure for an order directing the payment by the respondent of sums heretofore advanced by the Welfare Department of the County of Nassau for the support and maintenance of the respondent’s daughter and the daughter’s child.
*1047 The daughter is 19 years of age. She has been living separate and apart from the respondent’s household for about two years. A child has been born to her out of wedlock.
The Legislature has authorized a recovery from a parent or grandparent of public funds expended for the support of a child or grandchild (Social Welfare Law, §§ 101, 102, 104; Matter of Calhoun v. Calhoun, 256 App. Div. 672; Matter of Lister v. Sheridan, 33 Misc 2d 650; Matter of Mallahan, 28 Misc 2d 593). And as stated in Matter of Mallahan (supra, p. 594): “ There is nothing in the language of sections 101 and 104 of the Social Welfare Law which requires the Commissioner of Welfare to exhaust his remedies against relatives in any particular order as a prerequisite to recovery (Matter of Campbell, 208 Misc. 281; Matter of Kasner, 175 Misc. 832; Matter of Modafferi, 174 Misc. 789). ” Therefore, even though the court may sympathize with a respondent for the burden cast upon him by a wayward child, in view of the statutes and the fact that the right to a recovery is not made dependent by the statutes on a showing that an amicable relationship existed between parent and child, or that the child was unemancipated, an order must be signed for the recovery of such sum as the respondent is able to pay, taking into consideration the family needs present and future of the respondent and the sums, necessarily spent or to be spent for the care and maintenance of the daughter.
With respect to the child born out of wedlock to the daughter, however, there is no obligation imposed by statute on the respondent. At common law “ the illegitimate was not to be regarded the child or descendant of any one ” (Matter of Cady, 257 App. Div. 129, 130). “It is a rule of construction that, prima facie, the word 1 child ’ or ‘ children, ’ when used in a statute, will or deed means legitimate child or children. In other words, bastards are not within the term ‘ child ’ or ‘ children. ’ ” (Bell v. Teery & Tench Co., 177 App. Div. 123, 124.) An illegitimate child was held not responsible for the support of an indigent mother in Castellani v. Castellani (176 Misc. 763, affd. sub nom. Capaldo v. Capaldo, 263 App. Div. 984), the court holding that it would be inconsistent for the Legislature to impose such obligation when it gave extremely limited rights of inheritance and support to illegitimate offspring.
By recent statutes (L. 1960, ch. 720; L. 1958, ch. 146) the natural parent of a child may be required to support said child (N. Y. City Dom. Bel. Ct. Act, § 101, subd. 7; Domestic Relations Law, § 33, subd. 5). The Legislature, by its very limitation of support to the natural parents, obviously intended that as to *1048 other provisions for support, only legitimate children were to be considered.
The respondent will be directed to pay sums necessarily expended for the support and maintenance of the respondent’s daughter. On the evidence it appears that the respondent’s gross income is $9,975. The respondent is entitled to credits of $7,668.44, representing income taxes paid in the amount of $1,172.44 and an exclusion of $6,496 as computed by the petitioner. In addition, the respondent is entitled to a credit of at least $1,000 for additional medical expenses and miscellaneous expenses not computed by the petitioner in the figure of $6,496. Based upon this the court finds that the extent of the respondent’s liability for the support of his daughter is $50 a month.
Accordingly, the respondent is directed to pay $650 towards the sums expended by the petitioner through the month of June, 1962, and $50 a month commencing July 1, 1962, and monthly thereafter as long as sums equal to or in excess thereof are necessarily expended by the petitioner for the daughter’s support alone. The respondent is directed to pay the amount of $650 at the rate of $20 per month commencing October 15, 1962.