William J. Regan, S.
The Commissioner of 'Social Welfare has commenced a proceeding to compel the executors of the estate of Maria Commendatore to render and settle their accounts and show cause why the claim of the Commissioner of Social Welfare should not be paid. The claim appears to be against the estate for the sum of $1,188.56 for public assistance rendered to the grandchildren of the above decedent. Such assistance was allegedly granted from August 1 to August 30, 1954; from June 1 to June 30, 1958, and from January 1, 1959 to February 7, 1961. The executors have rejected said claim and raise the question that the statutes relating to social welfare claims are unconstitutional.
The pertinent sections of the Social Welfare Law are: section 101, which lists the persons liable and includes ‘ ‘ husband, wife, father, mother, grandparent or child of a recipient of public *1080 assistance and section 104, which provides: “ A public welfare official may bring action or proceeding against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract. ’ ’ This section was amended by chapter 838 of the Laws of 1963, effective April 19,1953 which added the following provisions: “ No claim of a public welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received. ’ ’ By chapter 509 of the Laws of 1963, effective April 16, 1963, the following provision was added: “ Nor shall the claim asserted by a public welfare official against any person under this section be impaired, impeded, barred or defeated, in whole or in part, on the grounds that another person or persons may also have been liable to contribute.” Chapter 573 of the Laws of 1964 added another provision made effective April 16, 1964 which reads as follows: “ In all claims of the public welfare official made under this section the public welfare official shall be deemed a preferred creditor.”
The executors’ contention of unconstitutionality appears to this court as being without substance. The obligation to reimburse a Public Welfare Commissioner for moneys expended upon an indigent person or persons is created by statute. The court cannot see where there is any deprivation of property without due process of law that a distributee of an estate may claim, inasmuch as such distributee had no legal title to decedent’s property during decedent’s lifetime.
In this case the assistance was rendered after the amendments of 1953. From 1953 until the statute was amended in 1963 there are numerous cases which indicated that there was ‘ ‘ no law requiring the commissioner of public welfare to exhaust his remedies against relatives in any particular order as a prerequisite to recovery under section 104.” (Matter of Campbell, 208 Misc. 281, 283.) Evidently the amendment in 1963 merely codified the decisions of the courts.
Furthermore, the respondents have not been deprived of their rights to a hearing herein and while the court in this decision *1081 rejects the defense of unconstitutionality of the pertinent sections, this matter will be held for a hearing at a date mutually agreed upon by the parties hereto for the establishment of said claim.