ROBERT P. WHALEN, M.D. Commissioner, Department of Health
I write in response to your recent request for my opinion as to whether or not parents are financially responsible for hospital services rendered on behalf of their child who is over 18 but not yet 21 years of age.
As you are aware, the Legislature has recently lowered the age of majority from 21 years of age to 18 years. The amendment of several State statutes was necessary to affect this legislative purpose. The statutes all became effective on September 1, 1974. Among the statutes amended were section 101, subdivision 1 of the Social Services Law and section415 of the Family Court Act.
Section 101, subdivision 1, of the Social Services Law, as amended, provides in part as follows:
"§ 101. Liability of relatives to support
 "1. The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a child under the age of twenty-one years. Step-parents shall in like manner be responsible for the support of step-children under the age of twenty-one years." (Emphasis supplied.)
Section 415 of the Family Court Act, as amended, provides in part as follows:
 "The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof or of a patient in an institution in the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years. * * *" (Emphasis supplied.)
Prior to their amendment, the above-emphasized language of these statutes referred to "minor children." It is significant that this language was amended to refer to children under the age of 21 years. These amendments evidence a clear legislative intent to continue parents' liability to provide support for their children beyond the age of minority at least where the child would otherwise become a public charge.
You state that the child in question was 18 years of age at the time of her admission to a State-operated health facility, the Helen Hayes Hospital, which treats the physically disabled and deformed under regulations established by the Commissioner of Public Health. As such, the above-mentioned statutes make her care and support the responsibility of her parents, if of sufficient ability, and not of the State. (Bickford v. Bickford, 55 A.D.2d 719, Third Dept., Dec. 19, 1976; Matterof McManus v. Lollar, 36 Misc.2d 1046, 1047 [1962]; Matter of Bezio v.Duquette, [Sup. Ct. Essex County, April 14, 1976].)
Section 2582 of the Public Health Law empowers the Commissioner, Health Services Administrator or Medical Director of such facility to require that a person or persons legally responsible for the support of a child rendered medical care to pay part or all of such expenses, if of sufficient ability. Should the medical costs experienced be beyond the person's or persons' ability to pay, they would be borne by the county under the Medicaid program. Section 416 of the Family Court Act includes medical attention among the elements of support that parents must provide for their children.
Therefore, I would conclude that the parents of a child who is under 21 years of age when admitted to a State-operated health facility are financially responsible, if of sufficient ability, for the medical attention rendered by the facility on behalf of the child.